MONTAGUE v. HOTEL GOTHAM CO. et al.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

1. APPEAL AND ERROR (§ 889*)—REVIEW—MATTERS NOT PLEADED.

Where parties by mutual consent treated the pleadings as modified so as to permit defendant to show a credit in his favor, an appeal from the judgment must be determined as if the answer had been duly amended.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3621, 3622; Dec. Dig. § 889.*]

2. CORPORATIONS (§ 542*)—CONTRACTS WITH MANAGER—VALIDITY.

Stock Corporation Law (Consol. Laws 1909, c. 59) § 66, prohibiting a corporation which has refused to pay any of its obligations when due from transferring property to its officers, etc., does not preclude a hotel corporation from giving its manager the use of rooms and board for himself and family under his employment contract.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2154–2160; Dec. Dig. § 542.*]

Appeal from Special Term, New York County.

Action by Gilbert H. Montague, as receiver of the Hotel Gotham Company, against the Hotel Gotham Company and another. Judg-

ment for plaintiff, and defendant Henry L. Goodwin appeals. Reversed, and new trial.granted conditionally.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, MILLER, and DOWLING, JJ.

Alexander S. Andrews, for appellant.

John Thomas Smith (Edward A. Craighill, Jr., and C. W. Gormly, on the brief), for respondent.

LAUGHLIN, J.   This action is brought to recover the sum of $5,000, paid to the appellant Goodwin by the Hotel Gotham Company on the 8th day of May, 1908, on the ground that prior to that time the company had failed to pay certain installments of rent due to its landlord under a lease in writing, and that the payment constituted a transfer of property to an officer, stockholder, or director of the company for the payment of an indebtedness due to him from it and was prohibited by the provisions of section 66 of the stock corporation law, which, so far as deemed material to the appeal, are as follows:

"No corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash."

The appellant was the president of the hotel company, and he was employed by the board of directors to act as manager of the hotel, and the payment was made for services pursuant to this employment. We agree with the learned trial court that, upon the theory upon which the case was tried and has been presented upon the appeal, the payment was made in violation of the statute.   There is evidence in the record which might afford ground for the contention that the Gotham Hotel Company was operating the hotel as agent of its landlord, and that the payment to appellant by the Gotham Hotel Company was made by it as agent of the Fifty-Fifth Street Company; but, since that point is not taken by appellant, we express no opinion thereon. We are of opinion, however, that, even on the theory that the Hotel Gotham Company was operating the hotel in its own right, the recovery against appellant is excessive.   It is true that he admitted by his answer that he received the $5,000 to his own use; but upon the trial he was permitted, without objection and exception, to give evidence tending to prove that on or about the same day he returned to the company $1,100 of the $5,000 for rent of rooms occupied by his family and himself and for their board during the time he was living at the hotel as manager, and that under the agreement by which he was employed he was entitled to the free use of the rooms and to board, and to the $5,000, in addition thereto.   This evidence was not controverted.   The learned counsel for the respondent contends that the appellant was not entitled to a deduction on account of this payment for the reason that he did not plead the fact.

[1] The parties by mutual consent, in effect, modified the plead-

ings, and therefore the rights of the appellant must be determined on the appeal as if the answer had been duly amended.

[2] Moreover, if, as the evidence tends to show, it was contemplated 'by the appellant's employment that he should not be charged for such accommodations and board, it would not have been a violation of the statute to have allowed him the use of rooms and the board; and, if that were the agreement, there could have been no recovery by the receiver of the hotel company therefor under the statute in question if appellant had not paid over the money. We cannot, therefore, adopt respondent's theory that the appellant should be left to present his claim to the receiver for the payment made under a mistake or misapprehension, either with respect to the law or the facts.

The findings are insufficient to warrant this court in modifying the judgment, and therefore it should be reversed and a new trial granted, with costs to appellant to abide the event, unless the respondent stipulates to reduce the recovery by the sum of $1,100, and interest thereon from said 8th day of May, 1908, and, if so stipulated, the judgment is modified accordingly and affirmed, without costs to either party. All concur.