COBLE v. POTTER.

(Supreme Court, Appellate Division, Fourth Department.   March 5, 1913.)

1. SALES (§ 442*)—WARRANTIES—BREACH.

In an action for the purchase price of cattle, where the defendant counterclaimed for breach of warranty, the fact that the value of the animals exceeded the contract price is not a defense to the counterclaim.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

2. APPEAL AND ERROR (§ 263*)—OBJECTIONS BELOW—NECESSITY.

Where defendant in an action for the purchase price of cattle counterclaimed for breach of warranty, and, under an improper charge that if they were of a value exceeding the contract price plaintiff was entitled to the full amount, the jury so found, and it could not be determined whether the finding was in obedience to the erroneous instruction, the error may be reviewed on appeal notwithstanding defendant's failure to except to the charge; it appearing he moved for a new trial and to set aside the verdict on the ground it was contrary to law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1532; Dec. Dig. § 263.*]

McLennan, P. J., dissenting.

Appeal from Trial Term, Oswego County.

Action by Wallace M. Coble against R. H. McCarter Potter, in which defendant counterclaimed. From a judgment for plaintiff on both issues and an order denying his motion for new trial, defendant appeals. Reversed and remanded.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Robert H. Southard, of New York City, for appellant.

W. M. Gallagher, of Cleveland (J. & W. M. Gallagher, of Cleveland, of counsel), for respondent.

ROBSON, J.   Plaintiff's verdict was for the full amount of the unpaid balance of the purchase price of 12 cows sold and delivered by him to the defendant. The sale and delivery of these cows was admitted by defendant; but in his answer he alleged two counterclaims for damages for the breach of an alleged warranty of the condition of the cows, the purchase price of which plaintiff sought to recover in this action, and a like breach of warranty of the condition of another lot of cows previously sold and delivered to defendant by plaintiff, the purchase price of which had been previously paid to plaintiff. Plaintiff denied that any such warranty was made or existed. We think

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that a fair question of fact as to whether the warranties alleged by defendant to have been made by plaintiff was presented on the evidence, and that the trial court properly submitted to the jury the determination of that issue.

[1] Evidence was received tending to show that the cows in question were actually of a value equal to or exceeding the price defendant agreed to pay for them. The court properly instructed the jury, among other things, in effect, that if defendant had failed to prove the warranties then plaintiff was entitled to recover the full amount of the purchase price then unpaid.

[2] But the court further, erroneously as we think, charged the jury in effect that, if they should find that the cows bought by defendant of plaintiff were actually worth in the market the amount which defendant agreed to pay for them, then, even though the warranties claimed had been made and broken by plaintiff, defendant had suffered no damage, and no finding in his favor upon either of his counterclaims could be had. As thus instructed, the jury found for plaintiff the full amount of the unpaid purchase price. Whether the jury found that defendant had not established the warranties and their breach, or, on the other hand, that he had failed to prove that he was damaged by plaintiff's breach of the warranties because the cows delivered were worth the price for which they had been sold, does not appear. On this record we cannot determine that the verdict was not based upon a finding due solely to the erroneous instruction of the court, to which attention has been called. Though defendant did not except to the charge as made, yet he did move to set aside the verdict and for a new trial upon the ground, among others, that the verdict was contrary to law. That motion having been denied, we may still review on this appeal this question of law even in the absence of an exception. Lesin v. Shapiro, 147 App. Div. 100, 131 N. Y. Supp. 755; Standard Oil Co. v. Amazon Insurance Co., 79 N. Y. 506; Griebel v. Rochester Printing Co., 8 App. Div. 450, 40 N. Y. Supp. 759.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event. All concur, except McLEN-NAN, P. J., who dissents in an opinion.

McLENNAN, P. J. I dissent from the decision about to be rendered in this case upon the ground that upon all the evidence the jury was amply justified in finding that there was neither an express nor an implied warranty by the plaintiff as to the condition of the cows in question; that the defendant purchased the cows after a personal inspection made by his agent, and did not rely upon any material representation made by the plaintiff in the premises. It is, however, suggested in the prevailing opinion that the judgment should be reversed because the learned trial judge charged an erroneous proposition of law as to the measure of damages, viz., that if the cows purchased were actually worth in the market what the defendant agreed to pay for them the defendant could recover no damages by reason of the false warranties made to him upon the purchase of such cows. Of course, it is perfectly well settled that, if the warranties alleged to have been made were made, the measure of damages would be the difference

between the value of the cows if they were as represented and their value as they actually were. In this case, however, the learned trial judge charged, in substance, that, if the cows delivered were actually worth the amount the defendant paid for them, he could not recover damages under his counterclaim for breach of warranty. No exception was taken by the defendant to the charge of the court in that regard, and, indeed, the defendant was allowed to prove over the plaintiff's objection precisely that measure of damages which it is now claimed is erroneous. Upon the examination of a witness called by the defendant the court said:

"Q. What do you say the value of the ten cows was on January 5, 1912, at Andover, taking them, as you know them to be, coming in as they did come in?

"Mr. Gallagher (Plaintiff's Counsel): The witness has not been shown qualified to testify.

"The Court: Oh, yes.

"The Witness: The actual value, the fair market value on that date, of the whole ten, was $480. . Their fair market value, if they had all come in in the month of January, would have been $800. There were no three-teaters in the second lot.

"By Mr. Southard (Defendant's Counsel): Q. Now, as to the first shipment of cows, what was the fair market value of the first shipment of cows at Constantia at the time of delivery?

"Mr. Gallagher: I object to that as incompetent and immaterial, and that the witness is not shown qualified to tell what the market value of cows was at Constantia.

"The Court: I will take it for what it is worth.

"Examined by the Court: The value of the first shipment, representing 44 head, in view of the condition they were actually in, under the condition that they did calve, at the time of the purchase at Constantia, was $2,360. The value would have been $3,520 with 6 of them fresh when purchased, if 24 of the others had been in condition to come in in December and January, and the other 16 in condition to come in in January and February. The value of the bull was not considered in the price."

So that I suggest that the defendant put in issue the market value of the cows irrespective of their value as alleged to be warranted by the plaintiff, and the defendant having put in such evidence over the objection of the plaintiff, and the court having charged on the basis of such evidence, and no exception having been taken to such charge by the defendant, he ought not now to be heard to argue that such charge was erroneous for the purpose of reversing this judgment.

But independent of such consideration, the defendant in this case had a fair trial, and all the issues affecting his interests were submitted to the jury in a very fair charge by the trial court. Assuming that his charge as to the measure of damages was erroneous, defendant's counsel having acquiesced in it by not making objection, and, really, it appearing that that was the rule which he was contending for, as appears by the evidence which he himself introduced, it does not seem to me that the judgment in this case should be reversed for any such reason or upon any such ground as is set forth in the prevailing opinion in this case.

I therefore recommend that the judgment and order appealed from be affirmed, with costs.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event.