(83 Misc. Rep. 7.)

## ROCK ISLAND BUTTER CO. v. FREEMAN.

(Supreme Court, Appellate Term, First Department.  December 4, 1913.)

CORPORATIONS (§ 545*)—INSOLVENCY—OFFICERS—TRANSFER OF ASSETS—TRANSFER IN PAYMENT OF INDIVIDUAL CLAIM AGAINST CREDITOR.

Defendant was indebted to plaintiff's assignor, and the assignor was indebted to the assignor's president in a larger sum on account of salary. The president, with knowledge of the insolvency of his corporation, caused his personal account to be charged with the amount of its debt and defendant's account credited with the same. *Held*, that such transfer was an illegal appropriation of the corporation's property to pay a debt due to its president, in violation of Stock Corporation Law (Consol. Laws 1909, c. 59) § 66, prohibiting the transfer of corporate property to an officer for a consideration other than the full value of the property paid in cash.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2170–2175; Dec. Dig. § 545.*]

Appeal from City Court of New York, Trial Term.

Action by the Rock Island Butter Company against Harry Freeman. Judgment for defendant, and plaintiff appeals.  Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Pitcher & Stern, of New York City (Frederic C. Pitcher, of New York City, of counsel), for appellant.

Nathaniel H. Kramer, of New York City, for respondent.

SEABURY, J.  The plaintiff, as assignee of F. E. Rosebrock & Co., a domestic corporation, sues to recover $637.92 from the defendant.  The defendant claims that, prior to the assignment to the plaintiff, he and plaintiff's assignor had an accounting wherein all differences were adjusted between them, and the defendant paid to plaintiff's assignor all moneys found to be due upon such accounting.

It appears from the evidence that the defendant was indebted to the plaintiff's assignor in the sum of $637.50.  The plaintiff's assignor was indebted to its president for salary due in a sum larger than $637.-50.  The president of plaintiff's assignor caused his personal account to be charged with $635.57 and the defendant's account to be credited with the same sum.

An officer of a corporation, with knowledge of its insolvency, cannot by a bookkeeping entry appropriate property of the corporation to pay a debt due to him.  To sanction the act of the president would, in effect, permit the transfer of corporate property to an officer of an insolvent corporation for a consideration other than the full value of the property paid in cash, and is in violation of section 66 of the Stock Corporation Law, and therefore void.  Montague v. Hotel Gotham Co., 149 App. Div. 687, 133 N. Y. Supp. 954.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes