ARTHUR M. NEWBORN, Respondent, *v.* F. RONALD PEART, Appellant.

Fourth Department, January 5, 1927.

Ejectment — defense that deed given to plaintiff was given as mortgage — close question of fact was presented — one question submitted to jury was, whether or not plaintiff was at time of commencement of action and at·trial, owner of premises — reversible error for court to charge that said question would almost necessarily be answered in affirmative because record title was in plaintiff — answer to fourth question that deed was not given as collateral security did not overcome effect of charge — no basis for question whether or not transaction was with intent to defraud creditors of defendant — no exceptions taken to questions but motion was made to set aside verdict as contrary to law — case was submitted upon erroneous theory and judgment must be reversed — question whether answer raised issue of ownership cannot be presented on appeal.

In an action of ejectment in which the defense was that the deed held by the plaintiff was given as and intended to be a mortgage, in which a close question of fact was presented as to the purpose for which the deed was given, it was error for the court to charge, in submitting to the jury the question whether or not at the time of the commencement of the action and at the time of the trial the plaintiff was the owner of the premises, that the question would almost necessarily be answered in the affirmative, because the record title was in the plaintiff. Whether or not the plaintiff was the actual owner was the only issue of importance for the jury to determine and, therefore, the charge of the court practically foreclosed the right of the jury to determine that question.

The fact that the jury answered the fourth question, which was whether or not the deed was given as collateral security, in the negative, did not have the effect of overcoming the error committed by the court, for if the jury answered the first question in the affirmative, it could not consistently answer the last question otherwise than in the negative.

There is no basis in the pleading or evidence for the question whether or not the transaction was consummated by and entered into with intent to defraud the creditors of the defendant.

Although no exception was taken to the form of the questions submitted to the jury, the defendant's counsel did move to set aside the verdict as contrary to the law, and since the case was submitted to the jury upon an erroneous theory, it must be reversed in order that the real issue may be decided by the jury.

It was too late on appeal to raise the question that the answer did not properly raise the issue of ownership.

APPEAL by the defendant, F. Ronald Peart, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 21st day of September, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Chamberlain, Page & Chamberlain* and *Sebring & King* [*James O. Sebring* and *Arthur V. D. Chamberlain* of counsel], for the appellant.

*George Y. Webster* [*Franklin H. Smith* of counsel], for the respondent.

HUBBS, P. J. In this action of ejectment the complaint is in the usual form. It alleges that the plaintiff is the owner in fee of the premises described by virtue of a deed from the defendant to the plaintiff. The answer admits the execution and delivery of the deed, but alleges that it was given as and intended to be a mortgage to secure the payment of an indebtedness and for money loaned and to be loaned by the plaintiff to the defendant. That was practically the only issue litigated upon the trial. A close question of fact was presented, the decision of which is not entirely free from doubt.

The learned trial justice, in the charge, submitted certain questions in writing to be answered by the jury. The first four questions, which are the only ones of importance here, and the comment of the learned trial justice upon the first question, read as follows:

" 1. Was the plaintiff at the time of the commencement of this action and is he at this time the owner of the premises in question?

" 2. Is the plaintiff entitled to the possession of the premises?

" The first question will almost necessarily, I think, be answered in the affirmative because the record title is in the plaintiff. The second question will be answered in the affirmative if you find for the plaintiff and in the negative if you find in favor of the defendant.

" 3. Was the transaction consummated by and was it entered into with intent to defraud the creditors of the defendant?

" 4. Was the transaction entered into by the parties thereto by the giving of the deed as collateral security for the payment of the debts which the defendant owed to the plaintiff? "

The jury answered the first three questions in the affirmative and the fourth in the negative.

Whether the plaintiff was, at the time of the commencement of the action, the owner of the premises or whether the deed under which he claimed to be the owner was in fact a mortgage was practically the only issue of importance for the jury to determine. If it determined that question in favor of the plaintiff, it necessarily followed that the deed was not a mortgage given as collateral security. In view of that situation it was reversible error for the learned trial court to say to the jury: " The first question will almost necessarily, I think, be answered in the affirmative because the record title is in the plaintiff." If the jury must necessarily find that the plaintiff was the owner, the court might just as well have directed a verdict in favor of the plaintiff.

The answer to the fourth question, to the effect that the deed was not given as collateral security, did not change the situation. Having answered the first question by saying that the plaintiff was the owner, it could not consistently answer the fourth question by saying that he was a mortgagee.

There is no basis in the pleading or evidence for the third question submitted to the jury. The charge upon that question was also erroneous, and the exception thereto presents reversible error. It does not appear that any exception was taken to the form of the questions submitted to the jury. The defendant's counsel did, however, make a motion to set aside the verdict and for a new trial upon the ground that the verdict was contrary to law. The case was submitted to the jury upon an erroneous theory and there should be a reversal in order that the real issue may be decided by a jury. (*Coble* v. *Potter*, 155 App. Div. 716; *Levine* v. *Rosenschein*, 134 id. 157.)

It is urged that the judgment may be sustained upon the ground that the answer does not properly raise the issue of ownership. That question was not raised upon the trial. It was assumed that the answer raised the issue, and the trial was conducted on that assumption. It is now too late to raise that question. (*Montague* v. *Hotel Gotham Company*, 149 App. Div. 687, 689.)

The judgment and order should be reversed upon the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide event.