Merry Maid Manufacturing Co., Inc., Respondent, *v.* Lucy Lane Frock, Inc., Appellant, Impleaded with Bernard Winthrop, Trading. under the Name and Style of New Moon Dresses, Defendant.

First Department, March 6, 1931.

*Joseph Henry Cohen* of counsel [*Terrence J. Mullen* with him on the brief; *Charles Entmacher,* attorney], for the appellant.

*Charles Goldenberg,* for the respondent.

FINCH, J. From a determination of the Appellate Term affirming a judgment in the Municipal Court in favor of the plaintiff against the defendant, appellant, the latter appeals by permission of this court.

The action is in tort. Merchandise of the plaintiff was damaged by water seeping into its premises from the floor above. This water came from a common lavatory upon the fifteenth floor of a building, in which someone had left the water faucet open while the outlet of the basin into which the water ran was clogged with waste paper. The floor upon which this lavatory was located was occupied by only two tenants, each of whom had a separate loft thereon. The lavatory was not demised to either tenant but remained the property of the landlord. It adjoined a common hallway and provided for the joint accommodation of the female employees of these two tenants. The plaintiff, in the belief that an employee of one of these two tenants was responsible for the damage but in doubt as to which, sued both. Following a trial in the Municipal Court, judgment was entered against the defendant, appellant. The question here presented is whether there is evidence to sustain it.

At the trial the plaintiff produced no evidence showing who left the water running in the lavatory. Instead plaintiff relied upon the doctrine of *res ipsa loquitur* as applied under the authorities to water leakage from premises exclusively in the possession of a single tenant. That principle, however, did not apply to this cause, since not only was this toilet used in common by more than one tenant, but was not under the control of either but of the landlord. Even where the flow of water causing the damage comes from a basin possessed in common by more than one tenant, before the plaintiff makes out a cause of action, the particular tenant whose negligence caused the damage must be identified. (*Moore* v. *Goedel*, 34 N. Y. 527; *Harris* v. *Perry*, 89 id. 308.)

The plaintiff having failed to show, therefore, that this toilet was under the control of either defendant, the doctrine of *res ipsa loquitur* did not apply and the complaint should have been dismissed upon motion of the defendants at the close of plaintiff's case (*Moore* v. *Goedel*, 34 N. Y. 527.)

The plaintiff urges, however, that inasmuch as the defendant Winthrop testified that his business was partly closed down for the period during which the damage occurred and that for this period his loft was unoccupied, except by himself and a bookkeeper, and that the latter testified she never used the lavatory in question, so by a process of elimination the occupancy of the fifteenth floor was reduced solely to that of the appellant. On the part of the

defendant, appellant, there was the testimony of an employee that she was the last of its employees to leave the loft upon the evening in question; that she entered the lavatory at about seven-forty-five but did not wash her hands. Everything then was in order and no water was running when she left.

The above testimony does not satisfy the burden resting upon the plaintiff of affirmatively proving negligence on the part of the defendant, appellant. Affirmative acts cannot be proven by mere negative testimony. The presence in the lavatory of an employee of defendant, appellant, on the evening in question, coupled with her testimony that she did not use the faucet and that no water was running when she left, is not evidence of any negligence on the part of an employee of defendant, appellant.

Since the doctrine of *res ipsa loquitur* does not apply and since there is no other evidence proving negligence, it follows that there is no evidence to sustain a finding of negligence on the part of defendant, appellant.

The determination appealed from and the judgment of the Municipal Court should, therefore, be reversed, with costs to the appellant in this court and in the Appellate Term, and judgment granted for the defendant, appellant, dismissing the complaint, with costs.

McAVOY, MARTIN and O'MALLEY, JJ., concur.

Determination appealed from and judgment of the Municipal Court reversed, with costs and disbursements to the appellant in this court and in the Appellate Term, and judgment granted for the defendant, appellant, dismissing the complaint, with costs.