FRED R. GOES, Respondent, *v.* GIFFORD SALES & SERVICE, INC., Appellant, et al., Defendants.

First Department, April 22, 1943.

*Milton C. Jacobs* of counsel (*Saulsbury & D'Auria,* attorneys), for appellant.

*Julius R. Lippman* of counsel (*Edward E. Lippman* with him on the brief), for respondent.

DORE, J. Plaintiff sued defendants Gifford Sales & Service, Inc., and Breen for personal injuries sustained by him when a Ford automobile owned by Gifford Sales & Service, Inc., and driven by defendant Breen collided with an automobile operated by plaintiff at Port Ewen, Ulster County, New York, on August 22, 1938. Breen defaulted but testified at trial on behalf of the defendants. The jury rendered a verdict in plaintiff's favor against both defendants for $2,250.

The issues of defendants' negligence and plaintiff's freedom from contributory negligence were clearly issues of fact and the evidence sustains the verdict.

The real issue on appeal is whether there was an issue of fact for the jury as to defendant Breen's permission to use and operate the automobile involved in the accident.

Breen was an insurance agent who used an automobile in connection with his work out of town. He had owned ten or twelve automobiles, bought at second hand for use in his business, and had always secured a demonstration of a car before purchase. On or about August 19, 1938, Breen came to the Gifford Sales place of business in Saratoga Springs, New York, to purchase an automobile, took a Chevrolet out for a demonstration, had trouble with it, and brought it back. The next day, early on a Saturday morning, Breen returned to Gifford's garage, the Chevrolet was not ready, but defendant's mechanic was there and Breen told the mechanic he would take the Ford car involved in the accident. He said he did not intend to buy the Ford, but to use it until defendant-appellant got ready the Chevrolet which he intended to buy.

Appellant's witness Thomas Morehouse, the mechanic in the garage, admitted he knew that Breen had the Chevrolet out

for demonstration purposes in connection with its purchase; he denied he gave Breen permission to take the Ford, but admitted that he saw him take it, and on cross-examination testified that he did not remember whether or not Breen asked permission and that was his best recollection about the matter.

Gifford, who operated the Sales & Service, Inc., stated that he told Breen it was all right to take out the Chevrolet to see if he liked it, allowed him to do so without any cash deposit, did not limit Breen as to where he might take the Chevrolet car for demonstration purposes, and that he was anxious to make a sale.

The car was taken in August, 1938; the indictment for the theft of the car was not found until April, 1939; Breen admitted that he was asked to plead guilty and take a suspended sentence, and he appeared as a witness for defendant Gifford Sales at the trial.

Breen was driving back to the Gifford Sales place of business when the accident occurred, and stated that he intended to pay for the car that he was to purchase. He also made a signed statement to the insurance company's representative that the accident happened when he was driving in the Ford car which belonged to Gifford, an automobile dealer, who had " given me the car to use for demonstration purposes."

The trial court charged that it was for the jury to determine from all the evidence and proper inferences therefrom whether Breen at the time of the accident was using the Ford with the permission, either express or implied, of the owner, the defendant Gifford Sales, and instructed the jury to find in favor of that defendant if Breen was not operating the car with such permission. The court also charged section 1293-a of the Penal Law relating to the statutory larceny of an automobile, and said that the criminal proceeding was not *res judicata* in the sense that it was conclusive, but it was some evidence to be considered by the jury.

In denying the motion to set aside the jury's verdict, the trial court held that the evidence adduced to show that no permission was given was for the jury " because of improbability, interest of the witnesses or other weakness;" that the weight of the evidence and credibility of the witnesses were accordingly to be determined by the jury, and if it did not accept the evidence in defendant's favor, the presumption of responsibility arising from ownership still remained, citing *St. Andrassy* v. *Mooney* (262 N. Y. 368, 372).

The trial court properly submitted the issue to the jury and properly denied the motion to set aside the jury's verdict. The rule is well settled that the credibility of interested witnesses,

even if their testimony be uncontradicted, when contradiction is impossible and its truthfulness or accuracy open to a reasonable doubt, is exclusively for the jury. (*Piwowarski* v. *Cornwell*, 273 N. Y. 226, 229; *Christie* v. *Vineburg, Inc.*, 259 App. Div. 342, 346 [First Dept.].) On this record defendant-appellant did not, as a matter of law, overcome the presumption.

The judgment appealed from should be affirmed, with costs.

COHN, J. (dissenting). Though Breen testified that over a period of years he had purchased ten or twelve secondhand cars for use in his business as an insurance agent, he did not, at any time, purchase an automobile from defendant, Gifford Sales & Service, Inc. When he went into defendant Gifford's place of business on August 19, 1938, he was a total stranger. After expressing a desire to purchase a certain used Chevrolet, he was given permission to take such car for the purpose of testing it. While trying the Chevrolet, he had trouble with it and the car was brought back to the Gifford garage.

On the morning of the following day, Breen returned to Gifford's shop and learned from the mechanic, Morehouse, that the Chevrolet had not been repaired. The mechanic was the only one on duty at the time. According to Breen, while the mechanic was busy, on his " own initiative," Breen took a Ford car which was standing in the garage. That he did not obtain permission to take the Ford was emphasized by his admissions in response to numerous questions both on his direct and cross-examination.

This witness was pointedly asked whether the mechanic saw him take out the Ford. His answer was " No." Morehouse, on the other hand, when asked whether he saw Breen take the car out, replied that he did not know that Breen had removed the Ford until he saw Breen down the street driving away from the garage. A few minutes after Breen had driven off, Leon Gifford arrived at the garage and the incident about the Ford car was reported to him. Thereafter, and on the same morning, Gifford notified the police of the theft. The testimony of these witnesses on this score was in no way controverted.

The accident out of which this litigation arose occurred two days later while Breen, at least, as he claims, was returning in the Ford to Saratoga Springs from Leonia, New Jersey. The record shows that Breen was later indicted by the grand jury of Saratoga County for the theft. He pleaded guilty to grand larceny in the second degree (Penal Law, § 1293-a) and was sentenced to State's Prison for not less than one year nor more than two years, but execution of the sentence was suspended during his good behavior. Thus, upon his own confession,

Breen was adjudged guilty of a felony for the larceny of appellant's automobile in that he had taken the motor vehicle without the owner's consent. Plaintiff, nevertheless, has obtained a judgment in this action based upon the theory that at the time of the accident Breen was driving the car with appellant's permission.

It is true that Breen, when interrogated as to whether he decided to plead guilty and accept a suspended sentence, replied that " They asked me to do that." This statement, however, when considered with the preceding answers of Breen clearly evidences that this witness was not claiming that any person on behalf of defendant Gifford Sales & Service, Inc., made any suggestion to him about pleading guilty. The only reasonable inference that can be drawn from the testimony is that Breen was told, apparently by an attorney representing him, that if he pleaded guilty he would receive a suspended sentence.

Several months elapsed before Breen was indicted. No reason was furnished on the trial for the delay. Accordingly, there is no basis for the plaintiff's intimation that defendant Gifford Sales be deemed responsible for the delay, particularly as to a matter over which Gifford could have had no control.

While proof of ownership is sufficient to establish *prima facie* that a custodian operating the car is engaging it in the owner's service, that presumption disappears where, as here, upon all the evidence it is conclusively shown that no permission was given. (*St. Andrassy* v. *Mooney*, 262 N. Y. 368; *Fluegel* v. *Coudert*, 244 N. Y. 393; *Der Ohannessian* v. *Elliott*, 233 N. Y. 326; *Rathfelder* v. *Flag*, 257 App. Div. 71, affd. 282 N. Y. 563.) Indeed, it has been held that where permission to use a car is actually given, if such consent is restricted to a particular place, the owner cannot be held responsible if an accident occurs while the car is being used in another locality. (*Chaika* v. *Vandenberg*, 252 N. Y. 101.)

The only conclusion that reasonably can be drawn from the evidence in this case is that at the time of the accident Breen operated the car unlawfully and without the permission of defendant Gifford Sales & Service, Inc. As to this defendant, there was no issue of fact to be presented to the jury and the complaint should have been dismissed.

The judgment should, accordingly, be reversed and the complaint dismissed.

UNTERMYER and CALLAHAN, JJ., concur with DORE, J.; COHN, J., dissents and votes to reverse and dismiss the complaint, with opinion, in which MARTIN, P. J., concurs.

Judgment affirmed, with costs.