Cohn, J.
In this action to recover damages for personal injuries, the infant plaintiff testified that as he was alighting from the defendant’s truck it suddenly started without any warning, causing him to fall. He claims that he and two other boys were invited to ride on the truck by its operator.
The plaintiff’s story as to the happening of the accident was contradicted by William Bertrand, the driver of the truck. Bertrand admitted thát his vehicle was in the vicinity of the accident but denied that, to his knowledge, plaintiff or any other boys rode in it. He testified that he did not learn of the accident until several hours after it occurred. Defendant’s contention was that plaintiff, unknown to the driver, was riding on the rear end of defendant’s truck at the time the accident happened and the driver had been expressly denied authority to permit anyone to ride on the truck.
Defendant’s sales manager testified that Bertrand, the operator of the truck, was one of the salesmen operating out of the *362 district office. As sales manager it was part of his duties to give instructions to the salesmen. He testified that he instructed the drivers that they were not to permit anyone to ride on their trucks. There were also “No Riders ” signs affixed to the windshields of the trucks. These signs were about eight inches "long- with letters about one and a quarter inches high. Notices were also posted on the bulletin board in the garage and in the sales office reading “ No Riders At Any Time To Be Allowed on The Trucks.”
It is the defendant’s contention that even assuming that plaintiff was riding in its truck at the invitation of the chauffeur, the evidence established conclusively that the chauffeur, in inviting plaintiff to ride, was violating his instructions. Accordingly, defendant asserts it is not liable to the plaintiff for injuries sustained by the negligence of the chauffeur and that the trial court was in error in denying defendant’s motion to dismiss the complaint.
Plaintiff, on the other hand, maintains that the testimony as to the instructions was given by interested witnesses; that where contradiction is impossible as to the testimony of interested witnesses, even where the testimony is uncontradicted and the truthfulness thereof or its accuracy is open to a reasonable doubt, the credibility of the witness is exclusively for the jury.
At defendant’s request the court charged the jury, without exception by plaintiff, that even if the infant plaintiff was injured as he substantially claimed, before the jury could return a verdict in plaintiff’s favor they must find that the driver of the car ‘ “had authority from his employer ” to permit the infant plaintiff to ride on the vehicle at the time the accident occurred.
The defendant’s proof, in our opinion, conclusively established that Bertrand had no authority to invite the plaintiff to ride in his truck and that furthermore, if he did so, he was violating instructions which had been given him by the defendant. This testimony is not controverted, although the plaintiff could have disputed it, had it been untrue. It related to such notorious facts as signs on-the windshields of the defendant’s trucks, notices posted on the defendant’s premises and instructions to an entire group of salesmen. Moreover, it is not all testimony of interested witnesses, for Bertrand at the time of the trial was no longer employed by defendant. (Hull v. Littauer, 162 N. Y. 569, 572; St. Andrassy v. Mooney, 262 N. Y. 368; Der Ohannessian v. Elliott, 233 N. Y. 326.)
As Bertrand had no authority to invite the infant plaintiff to ride, he would have been acting contrary to the express orders *363 of his employer had he done so. Such an invitation at least if given contrary to specific directions by defendant would constitute an act outside the scope of his employment and defendant would not be liable for the injuries caused by the driver’s negligence while plaintiff was thus riding. (Goldberg v. Borden’s Condensed Milk Co., 227 N. Y. 465, 467.)
The case on which plaintiff relies (Goes v. Gifford Sales & Service, Inc., 265 App. Div. 796 [1st Dept.], affd. 291 N. Y. 744) is clearly distinguishable on its facts. In that case inter alia, the driver of the car contended that the car was given to him to use for demonstration purposes.
The judgment should be reversed and the complaint dismissed.
Glennon, J. P., Dore, Callahan and Van Voorhis, JJ., concur.
Judgment unanimously reversed, with costs to the appellant, the complaint dismissed and judgment is directed to be entered dismissing the complaint herein, with costs. Settle order on notice.