Heffernan, J.
On and prior to March 1, 1947, the State of New York was the owner of a Cadillac sedan automobile. The car was assigned by the State to one of its senators to be used by him for business and pleasure.
The appellant issued a standard liability insurance policy covering this car which was in effect on the date in question, in which policy the State senator and the State of New York were named as the insureds. By its terms the policy coverage included any person operating the car with the permission of the named insureds or either of them.
On March 19,1947, respondents, with the exception of John A. Hukey, husband of the respondent, Anna R. Hukey, were passengers in an automobile operated by one, Sears, on the State highway between the cities of Amsterdam and Schenectady. A collision occurred between the Sears car and the car owned by the State which was being operated by Donald A. Brouillette, who was employed by the State and by the senator as a chauffeur for this particular car.
*413 As a result of the collision the passengers in the Sears car sustained injuries. Thereafter they instituted actions against Brouillette to recover damages for their personal injuries. After a trial in the Supreme Court they recovered judgments aggregating $23,371.97, against Brouillette. Executions issued on these judgments were returned unsatisfied. Hone of the judgments has ever been paid.
Subsequently respondents instituted the present actions against appellant to recover the amount of the judgments which they secured against Brouillette, on the theory that at the time of the collision Brouillette was using the State car with the permission, either express or- implied, of either of the named insureds, and was, therefore, an additional insured within the meaning of the policy.
Respondents were successful in the court below and from judgments in their favor and from orders denying its motions to set aside the adverse verdicts appellant has come to this court. On this appeal the sole contention of appellant is that when the accident occurred, from which the judgment stemmed, Brouillette was using the State car without permission, either express or implied, and that the car was not operated at that time upon any business of the State or of the senator to whom it had been assigned.
“ Every owner of a motor vehicle or a motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner.” (Vehicle and Traffic Law, § 59.)
The language of this statute makes it clear that permission of the owner to operate his car is essential in order to create liability. Without it he is not liable for injuries sustained by its negligent and unauthorized operation.
The issue whether a car is being operated with permission, express or implied, in many instances is a question of fact for the jury. In the case before us it was conceded that the car involved in the accident was owned by the State of Hew York and that it had been legally assigned to a State official for his use. With that concession in the record, respondents were justified in relying on the presumption that the person operating the car was engaged in the service of the official to whom the car had been assigned and that it was being used with his per *414 mission. That presumption continues until there is substantial evidence to the contrary (Christie v. Vineburg, Inc., 259 App. Div. 342; Orlando v. Pioneer Barber Towel Supply Co., 239 N. Y. 342; Ferris v. Sterling, 214 N. Y. 249; Piwowarski v. Corn-well, 273 N. Y. 226; Chaika v. Vandenberg, 252 N. Y. 101).
The crucial question before us is whether substantial evidence was produced by appellant to rebut the presumption that the car was in use with the consent of either or both of those to whom the policy of insurance extended coverage. To dissipate that presumption, appellant introduced the testimony of the senator for whose use the car had been provided. He testified, in substance, that the State placed at his disposal the car for his business and personal use; that he employed Brouillette as a chauffeur who was paid by the State. He denied that Brouillette had his permission to use the car at the time of the accident. Brouillette’s parents lived in Amsterdam and he was on his way to that city when the collision occurred. The senator testified, however, that on several prior occasions he had given the chauffeur permission to use the car in order to visit his parents at their home and also to use it on many other occasions. Giving his testimony the most favorable interpretation, we have here his bare denial that the chauffeur had his permission to operate his car on this particular day. Brouillette denied that he had the senator’s permission to drive the car to Amsterdam on the day of the accident. He did admit that when not actually engaged in the service of the senator he frequently used the car without objection for the discharge of his personal affairs and drove the car whenever and wherever he wished. It is quite obvious from Brouillette’s testimony that when not in the performance of his duties of his employer his use of the car for his own purposes was unrestricted.
The evidence produced by appellant to show that Brouillette was given no permission to use the car at the time of the occurrence of the accident was given by interested witnesses, and under such circumstances its weight was for the jury (Crawford v. Nilan, 264 App. Div. 46, and cases there cited, revd. on other grounds 289 N. Y. 444). The rule is well settled that the credibility of interested witnesses even if their testimony be uncontradicted when contradiction is impossible and its truthfulness or accuracy open to a reasonable doubt, is exclusively for the jury (Goes v. Gifford Sales and Service, 265 App. Div. 796, affd., 291 N. Y. 744).
*415 The question of permission was submitted to the jury by the learned Trial Justice in a clear, concise and impartial charge. That tribunal resolved the issue in favor of respondents. A question of fact only is involved and we are not justified on the record before ns in interfering with the verdict of the jury.
The judgment in favor of the respondent, Elbert, should be affirmed, with costs; the judgments in favor of other respondents should be affirmed, with one bill of costs to be divided among them. The orders appealed from should be affirmed.
Foster, P. J., Brewster, Deyo and Coon, JJ., concur.
Judgment in favor of the respondent, Kibert, affirmed, with costs; the judgments in favor of other respondents affirmed, with one bill of costs to be divided among them.
The orders appealed from are affirmed.