JOAN MERCATANTE et al., Respondents, *v.* CITY OF NEW YORK, Appellant.

First Department, June 28, 1955.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellant.

*Samuel A. Bloom* of counsel (*Bloom, Harris & Tolmage,* attorneys), for respondents.

COHN, J.  The appeal is by defendant from a judgment entered in a personal injury action after a jury trial in favor of Joan Mercatante and in favor of her father for medical expenses against the City of New York.

Joan Mercatante was employed as a clerk in Gouverneur Hospital by the department of hospitals of the City of New York.  In the course of her duties at the hospital, while walking along

a narrow hallway three to four feet wide on the fourth floor, she dropped her wallet. It fell underneath a fire extinguisher hanging on the wall of the corridor. She stooped to pick up the wallet. According to her testimony, as she raised her head she was struck by the fire extinguisher, which fell to the floor producing the injuries for which she has brought suit. The extinguisher weighed close to fifty-four pounds. The bottom was at her chest level, fifty to sixty inches above the floor and its top about eight to ten inches above her head. Witnesses for defendant testified that it was supported by a single hook screwed to a wallboard, secured to the wall by bolts and could not be removed without raising it off the hook. It had last been taken down in the course of a fire drill some four months before the accident. Plaintiff claimed that there were two hooks about one inch apart. Other than the plaintiff's own testimony, there was no evidence as to the manner in which the accident had occurred. Though it was plaintiff's theory that the fire extinguisher fell and struck her, defendant urges it was far more probable that she knocked the extinguisher off the wall in raising herself from a stooped position.

The complaint and the bill of particulars set forth specific acts of negligence by defendant relating to the unsafe manner in which it had attached the fire extinguisher to the wall and for its failure to provide a bracket or shelf upon which it could rest. It was also claimed that defendant had failed to supply plaintiff with a safe place to work; that the screws or other devices by which the fire extinguisher was hung on the wall had been worn, loosened and weakened, and consequently were not strong enough to sustain the weight of the fire extinguisher; and that defendant was negligent in failing to inspect the mechanism within a reasonable time prior to the occurrence of the accident.

Plaintiff contended that the doctrine of *res ipsa loquitur* applied. Defendant urged on the other hand that such rule had no application because the city was not in exclusive control of the extinguisher or of the place where it had been fastened to the wall.

Upon the trial, no evidence was adduced which would support any of the specified acts of negligence. There was no proof of any defect in the extinguisher or in its supporting hook, nor was there any attempt to prove actual or constructive notice of a defect, if it had existed.

We think the doctrine of *res ipsa loquitur* was erroneously invoked. It is well-settled law that such doctrine is applicable

only in those situations where the injury-producing agency is within the exclusive control and possession of the person charged with negligence. Moreover, if it may be equally inferred that the accident might have been due to causes in no way connected with defendant's negligence, then the rule of *res ipsa loquitur* may not be invoked and plaintiff will be required to prove the fact of negligence. (*Galbraith* v. *Busch*, 267 N. Y. 230, 234; *George Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108, 114, 115.) In *Silberberg* v. *Schweig* (288 N. Y. 217, 219) the court said: "Upon the present record we think there was no evidence that the defendants, or either of them, had such exclusive possession, control and oversight of the agency which is alleged to have caused the infant plaintiff's injury, as to make applicable the rule of *res ipsa loquitur*."

Plaintiff did not establish that defendant's control and possession of the fire extinguisher was exclusive. It was hung in a public hallway accessible to employees, such as doctors and nurses and also to patients and visitors. It was properly contended that it could have been disturbed by patients walking past, by the visiting public, and by other people who were not employees or agents of the City of New York.

Plaintiff did not see the extinguisher drop from the wall. It struck the top of her head as she was rising from a stooped position. The claim of a fall of the extinguisher was therefore established by inference alone. However, the other inference, namely, that she struck the bottom of the extinguisher with the top of her head and dislodged it as she rose from the floor might be drawn with equal certainty. Though the testimony of plaintiff, an interested witness, as to how the accident occurred was uncontradicted, where, as here, it was impossible for the City to contradict it, such testimony was not conclusive. The rule is well settled that the credibility of interested witnesses, even though their testimony be uncontradicted, when contradiction is impossible and its truthfulness or accuracy is open to a reasonable doubt, is exclusively for the jury. (*Piwowarski* v. *Cornwell*, 273 N. Y. 226, 229; *Christie* v. *B. F. Vineburg, Inc.*, 259 App. Div. 342, 346; *Goes* v. *Gifford Sales & Service*, 265 App. Div. 796, 798, 799, affd. 291 N. Y. 744.)

We think that the trial court inadvertently assumed that this accident was caused because the fire extinguisher fell from the wall without the intervention of some outside force. At no point in the court's charge was there any suggestion that the accident may have occurred because, as the City claimed, plaintiff while rising struck it with her head and knocked it off the wall.

In reviewing the testimony the court said to the jury: "It appears that * * * plaintiff * * * was struck on the head by a fire extinguisher, which weighed about 54 pounds, which fell from the wall of said building, causing injuries which have been described." The court later went on to apply and invoke the theory of *res ipsa loquitur*, as follows: "Of course, when a fire extinguisher drops four feet or more from a wall, and there is no explanation for it, that speaks for itself. There must have been something wrong with the fastening of the extinguisher, or it would not have dropped. So that if you find the extinguisher did drop, then that would be some evidence of negligence on the part of this defendant, the City of New York, and would require an explanation at least by the City of New York. Whether the explanation submitted by the City satisfies you is for you to determine".

Though no exceptions were taken by the City to the court's charge, in the circumstances of this case, none were necessary. At the close of plaintiff's case and at the conclusion of the entire case, the City had moved to dismiss the complaint upon the ground that plaintiff's reliance upon the theory of *res ipsa loquitur* was erroneous, and that without the presumption of negligence thereby erroneously created, plaintiff had failed to establish negligence on the part of the City. These motions were denied and exceptions were taken thereto. Thus the question was squarely raised. (*Elenkrieg* v. *Siebrecht,* 238 N. Y. 254, 263; *Thoens* v. *Kennedy Realty Corp.,* 279 App. Div. 216, 223, affd. 304 N. Y. 753.) In *Pioneer Credit Corp.* v. *San Miguel* (274 App. Div. 184, 191, VAN VOORHIS, J.) this court said:

"The defendants' counsel appears not to have excepted to the instruction to the jury that under the terms of the contract there was an absolute obligation on Mexasturca to pay the import duties, but it has been held (Newborn v. Peart, 219 App. Div. 249) that the Appellate Division may review such a ruling without an exception, as a question of fact, if there has not been a fair trial. In the case cited, the court said: 'The case was submitted to the jury upon an erroneous theory and there should be a reversal in order that the real issue may be decided by a jury. (*Coble* v. *Potter,* 155 App. Div. 716; *Levine* v. *Rosenschein,* 134 id. 157.)' (P. 251.) (See, also, *Alden* v. *Knights of Maccabees,* 178 N. Y. 535, 541.)"

In its charge, the court in effect told the jury that the falling of the extinguisher would be some evidence of negligence and would require some explanation by the City. The jury was thus deprived of passing on the fact issue as to whether the extin-

guisher had fallen from the wall and then struck the plaintiff, or whether plaintiff, while arising from a stooped position underneath the extinguisher struck it with her head and by her own force dislodged it. This was prejudicial error. Absent the benefit of the presumption of negligence given plaintiff under the doctrine of *res ipsa loquitur* by the charge, plaintiff, as a matter of law, has failed to establish by competent proof the negligence of defendant.

Upon another trial plaintiff may be able to adduce evidence sufficient to establish that this accident occurred through some negligent act on the part of defendant and through no fault on the part of the infant plaintiff. Upon this record, however, we find no such proof.

The judgment should accordingly be reversed and a new trial ordered, with costs to appellant to abide the event.

PECK, P. J., CALLAHAN, BREITEL and BOTEIN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. [See *post,* p. 964.]