■ In the Matter of the Final Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Executor of WILLIAM K. VANDERBILT, Deceased, Respondent. In the Matter of the Probate of the Will of WILLIAM K. VANDERBILT, Deceased, and to Postpone the Final Accounting of the GUARANTY TRUST COMPANY OF NEW YORK. DORA BLOWERS et al., Appellants; LLOYD P. DODGE, as County Attorney of Suffolk County, et al., Respondents.— In a proceeding in the Surrogate's Court, Suffolk County, for the judicial settlement of the final account of the executor, the appellants were permitted by the court to file petitions by which they seek to set aside the probate of the will and to stay the accounting proceeding, and were further permitted to produce and present evidence in support of their claims that they have an interest in the estate and are proper parties to any proceedings therein as alleged wife and daughter, respectively, of the testator. The appeal is from an order and decree (one paper) dismissing the petitions. Order and decree unanimously affirmed, with costs to respondents filing separate briefs, payable out of the estate. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.

■ WILLIAM H. PECKHAM, Respondent, v. SPRING VALLEY WATER WORKS AND SUPPLY COMPANY, Appellant.— In an action to recover damages for injuries to a house and personal property, sustained as the result of a break in a water meter, the appeal is from a judgment of the County Court, Rockland County, entered on a verdict of a jury in favor of respondent. The meter, owned by appellant, was installed by it in respondent's premises more than a year and a half before the accident. There was no proof as to the cause of the break in the meter. Over appellant's objection, the case was submitted to the jury under a charge that permitted them to apply the *res ipsa loquitur* doctrine and find appellant negligent if they found that the meter was in its exclusive control. Judgment reversed on the law and the facts, with costs, and complaint dismissed. In our opinion, there was a total absence of proof to sustain the finding, implicit in the verdict under the court's charge, that appellant was in exclusive control of the water meter. Under such circumstances, the principle of *res ipsa loquitur* may not be applied. (Cf. *Galbraith* v. *Busch*, 267 N. Y. 230, 234; *Mercatante* v. *City of New York*, 286 App. Div. 265, 267-268; *Stern* v. *Zalaznick*, 148 N. Y. S. 2d 493.) Since that doctrine is inapplicable and since there is no other evidence establishing that the injuries to respondent's property were due to appellant's negligence, there is no proof to sustain the verdict. (Cf. *Merry Maid Mfg. Co.* v. *Lucy Lane Frock*, 231 App. Div. 639.) Nolan ,P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.