BERNARD SHAFTER, as Executor of ROBERT S. BUCKLEY, Deceased, Respondent, *v.* NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants.

First Department, March 25, 1958.

*Abraham Satran* of counsel (*Helen R. Cassidy* with him on the brief; *Daniel T. Scannell,* attorney), for appellant.

*Thomas F. Frawley* of counsel (*Jacob Rassner* with him on the brief; *Shafter & Shafter,* attorneys), for respondent.

McNALLY, J.   In this personal injury action, defendant appeals from a judgment of $24,194 in favor of the plaintiff entered after trial upon a jury's verdict.

Plaintiff was a passenger in appellant's bus, seated on the left-hand side of the bus, four seats behind the driver, next to an open window.   The bus was proceeding along Division Street, in the borough of Manhattan, city of New York, a one-way street for southbound traffic.   Division Street is 26 feet

wide and there is a bus stop on the westerly side of the street at its intersection with Catherine Street. According to plaintiff's proof, a truck owned by the defendant Weisman & Cooper, and operated by one Herman Schaeffer, was parked disabled on the easterly side of Division Street about four feet from the intersection of Catherine Street. Plaintiff's injuries resulted from contact between his extended left arm and the disabled truck as the bus was attempting to pass the disabled vehicle.

The verified complaint and verified bill of particulars allege that the accident occurred by reason of the fact that the bus driver negligently operated the bus in such a fashion that plaintiff's arm was caused to be extended outside the bus at the time that the moving truck of the defendants struck the arm before plaintiff had an opportunity to withdraw. The same theory of the accident was advanced in the opening to the jury. After the opening, plaintiff discontinued the action against the owners of the truck. The operator of the truck was never served with process.

Plaintiff thereafter moved to amend his complaint and bill of particulars so as to allege that the truck was stationary and that the abrupt and negligent stopping of the bus caused the involuntary extension of plaintiff's left hand and arm outside the window of the bus bringing it into contact with the stationary truck. The defendant-appellant pleaded surprise and prejudice and the court thereupon granted a motion for a mistrial. Plaintiff then withdrew the motion to amend and the trial of the cause was resumed.

There is no evidence that plaintiff's arm was caused to be extended outside the bus by any act of the bus driver. Although plaintiff was present in the courtroom throughout the entire trial, he failed to take the stand.

In the charge to the jury, the court stated that the appellant might be found negligent if there was contact between the bus and the parked truck or if the bus was driven too close to the parked truck so that plaintiff's arm resting on the window sill of the bus was caused to come in contact with the truck. In so doing, the court submitted the cause to the jury upon a theory entirely different from that alleged in the complaint and bill of particulars. (*McCarthy* v. *Troberg*, 275 App. Div. 139; *Morgan* v. *Robinson*, 3 A D 2d 216.)

In the *McCarthy* case, the complaint alleged, and the bill of particulars stated, that plaintiff, a pedestrian, was injured by the negligence of both defendants, one of whom was operating an automobile in a northerly direction and the other in a southerly direction on a street which the pedestrian was cross-

ing. Plaintiff did not amend his complaint. Nevertheless, plaintiff adduced proof to the effect that the southbound automobile alone struck him, and that the northbound vehicle had nothing to do with the occurrence. Defendant-appellant's evidence was to the effect that the northbound vehicle alone had caused the accident and injuries. The case was submitted to the jury with the instruction that the complaint charged negligence against the defendants jointly, and that a verdict could be rendered against either defendant or both. This court held that the resulting verdict could not stand because it did not conform to the evidence, and the evidence did not establish the cause of action alleged in the complaint.

In the *Morgan* case, plaintiff, attempting to rescue a fellow passenger, was precipitated from defendant's automobile. The court's charge enabled the jury to find negligence on the theory that the defendant had failed instantly to apply the brakes when the door of the automobile first opened. This omission was not one of the acts of negligence alleged in the amended complaint or the bill of particulars. Plaintiff did not at any time apply for an appropriate amendment. This court held it was prejudicial, under the circumstances of the case, to present the omission to apply brakes to the jury as an independent ground for recovery.

Although the defendant did not except to the court's charge, which contained a theory of liability different from that set forth in the pleadings, by its motion to dismiss the complaint and for a directed verdict in its favor, the appellant preserved the right to contest the validity of any recovery by the plaintiff. (*Elenkrieg* v. *Siebrecht,* 238 N. Y. 254, 263; *Mercatante* v. *City of New York,* 286 App. Div. 265.)

Moreover, we are of the opinion that the verdict was against the weight of the credible evidence with respect to the finding of liability on the part of the appellant and the absence of contributory negligence on the part of the plaintiff. Herman Schaeffer, the operator of the disabled vehicle, testified that when the bus went by he heard a bang but did not know where it came from. He stated there was no damage to the bus or to the truck and he saw no one injured. Mr. and Mrs. Kaczmarek, who were seated directly behind the plaintiff, testified that the plaintiff had his elbow and arm out of the window " quite a ways ". Mrs. Kaczmarek testified there was no contact between the bus and the truck and estimated that the closest the bus came to the truck was about 9 to 14 inches. Mr. Kaczmarek testified there was no collision between the truck and the bus and plaintiff remained in the same position with his head on

his shoulder and his arm extended outside the bus for the entire 8 or 10 blocks between the time the witness boarded the bus and the time of the accident.

The judgment should be reversed on the law and the facts, and a new trial ordered, with costs to appellant to abide the event.

BREITEL, J. P., RABIN, FRANK and STEVENS, JJ., concur.

Judgment unanimously reversed upon the law and upon the facts and a new trial ordered, with costs to the appellant to abide the event.