■ LENNA M. PURDIE, as Administratrix of the Estate of GEORGE G. PURDIE, Deceased, Appellant, v. ELLISON INGRAM, Respondent.— In an action to recover damages for wrongful death and for conscious pain and suffering, by reason of defendant's felonious act in shooting and killing plaintiff's intestate, plaintiff appeals from an order of the Supreme Court, Queens County, dated November 3, 1961, which denied her motion for summary judgment against the defendant (Rules Civ. Prac., rule 113). Order affirmed, without costs. It appears that, although in a prior criminal action, the defendant had pleaded guilty to manslaughter in the second degree for the killing of plaintiff's intestate, defendant now contends in the present civil action that he shot intestate in self defense. In this civil action, the defendant's prior conviction on his plea of guilty is not conclusive but only prima facie evidence of the facts involved (*Sims* v. *Sims,* 75 N. Y. 466; *Schindler* v. *Royal Ins. Co.,* 258 N. Y. 310; *Matter of Rechtschaffen,* 278 N. Y. 336; *Goes* v. *Gifford Sales & Serv.,* 265 App. Div. 796, affd. 291 N. Y. 744; *Uzenski* v. *Fitzsimmons,* 10 A D 2d 890). While a plea of guilty constitutes an admission of the facts involved, nevertheless, it is subject to explanation at the trial (*Ando* v. *Woodberry,* 8 N Y 2d 165). Accordingly, the denial of the motion for summary judgment was proper. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ZAKI ABDULLAH, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Kings County, dated April 16, 1962, which denied, without a hearing, his application to vacate a judgment of said court, rendered May 26, 1959, on his plea of guilty, convicting him of robbery in the first degree, and imposing sentence. Order affirmed. No opinion. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.