OPINION OF THE COURT
Solomon Zuckerman, J.
Plaintiff brings this action to recover damages for personal injuries sustained while traveling as a passenger on defendant’s airline. The theory of plaintiff’s action is based on the alleged negligence of defendant and as proof thereof plaintiff relies on the doctrine of res ipso loquitur.
FINDINGS OF FACT
Plaintiff, Wilfredo Sanchez, 38 years of age, was a passenger on a DC-10 aircraft owned by defendant, which departed on June 18, 1979 at 11:59 p.m. from San Juan, Puerto Rico, bound for Kennedy Airport in New York City. Plaintiff testified that he occupied a seat next to a window and that seated next to him, on his left, was another passenger; that approximately one hour after the plane was aloft and while in flight, there was an announcement over the loudspeaker informing the passengers to fasten their seat belts and almost immediately the right wing of the plane dipped and the plane suddenly dropped or bucked *1011 about three feet to the right. As a result of the foregoing, the passenger on his left was thrown against the left side of plaintiff’s body and the right side of plaintiff’s body struck the side of the plane, causing injuries to plaintiff’s head, lower back and right leg. At the time of the occurrence, plaintiff was in his seat, had his seat belt fastened and he was having a food snack on a tray which had been placed on a pull-out table by the flight attendant.
CONCLUSIONS OF LAW
Plaintiff neither pleaded nor proved specific acts of negligence, relying instead on the doctrine of res ipso loquitur as the basis of his theory of defendant’s liability. In defining and describing this doctrine, Professor Jerome Prince writes “Where the instrumentality which caused the accident was in the exclusive control of the defendant, and the accident which has occurred is one which would not ordinarily happen without negligence, the facts are sufficient to justify an inference of negligence and to cast upon the defendant the burden of coming forward with an explanation.” Professor Prince continues, “The doctrine means merely that the facts of the occurrence permit the inference of negligence, not that they compel it” (Richardson, Evidence [10th ed], § 93, pp 68, 69).
The absence of New York law on this specific subject has prompted this court to research the law in other forums. In a case remarkedly similar to the case at bar, the Supreme Court of Missouri explored the doctrine of res ipso loquitur in some detail. (Cudney v Midcontinent Airlines, 363 Mo 922.) In that case, plaintiff was a passenger on a DC-3 owned by defendant. There was light turbulence and the air was “choppy” and as soon as the plane was airborne the pilot lighted the “Fasten Seat Belts” signal. Suddenly, the plane dropped, jerked and was jolted and plaintiff was thrown from her seat onto another passenger and sustained injuries. Plaintiff sued both the airline company and the pilot. At the close of plaintiff’s case, the trial court directed a verdict for the pilot and at the end of the entire case, the jury returned a verdict in favor of the defendant airline company. On appeal by the plaintiff, the Supreme Court found (supra, p 928) that although “the instrumentalities *1012 involved were under the management and control of the defendant” and “the defendant possesse [d] superior knowledge or means of information as to the cause of the occurrence,” nevertheless the occurrence which resulted in the plaintiff’s injury was such as might ordinarily happen despite the exercise of due care by those in charge and hence the doctrine of res ipso loquitur does not apply. The appellate court went on to state (supra, p 930), “ Tt [is a matter of] common knowledge with regard to the operation of airplanes that downdrafts, which vary in effect according to their extent, are not uncommon’ [and] commercial airlines [may] lurch and drop for some distance [for reasons other than] negligence in the operation of the plane and, therefore * * * the doctrine of res ipso loquitur” is not applicable. The court stated further (supra, p 927), “a carrier of passengers by airplane is not an insurer of the passenger’s safety (37 Va. L.R 55, 56) and every commercial aviation accident is not presumed to be the result of negligence.”
In Gafford v Trans-Texas Airways (299 F2d 60), the plane struck an area of violent turbulance, in which plaintiff was tossed about in his seat, accessories in the plane were dislodged and plaintiff was injured. Plaintiff alleged five specific claims of negligence, including the allegation that defendant failed to take steps to avoid the turbulence, in addition to the doctrine of res ipso loquitur. In the trial court, judgment was rendered in favor of defendant. The plaintiff appealed, alleging error in that the Trial Judge failed to instruct the jury on res ipso loquitur. The appellate court found no error on the part of the Trial Judge in his refusal to charge the jury on res ipso loquitur, stating that there is no rule that res ipso liquitur applies generally to accidents in airplanes during flight.
In a well-reasoned discussion of the subject of res ipso loquitur, Professor William L. Prosser indicates that this doctrine is applicable to an airplane crash or even to the complete disappearance of a plane. He then goes on to state: “There are, however, other kinds of aviation mishaps, such as the lurch or bump of a plane when unexpected air currents are suddenly encountered, which still lead to no such conclusion.” (Prosser, Torts [4th ed], § 39, p 216.) *1013 Apropos to this is the case of Abbott v Page Airways (23 NY2d 502), cited by both plaintiff and defendant in their memoranda of law. That case involved a helicopter crash which resulted in the deaths of four people and injuries to two others. The critical issue was whether plaintiff is precluded from relying on res ipso principles even though he has submitted evidence to support his claim of negligence. In passing on this issue and arriving at the conclusion that the introduction of evidence of specific negligence does not render an instruction on res ipso by the trial court impermissible or improper, the learned Chief Judge commented on the res ipso doctrine as follows (supra, p 510) : “The rule of res ipso loquitur permits an inference of negligence to be drawn if the instrumentality causing the injury to the plaintiff was fin the exclusive possession and control of the person charged with negligence * * * and * * * the accident would not ordinarily have occurred without neglect of some duty owed to the plaintiff’.”
It is important to note that under the doctrine of res ipso loquitur the law permits, but does not require, an inference of negligence from the happening of the accident. The inference of negligence does not result if the accident could reasonably have occurred from causes other than negligence (Mercatante v City of New York, 286 App Div 265; Manley v New York Tel. Co., 303 NY 18). In the instant case, the testimony indicates that the injuries occurred when the airplane suddenly “lurched” and “dropped” while in flight. No expert testimony was introduced in an attempt to explain the factors which might cause the incident complained of. Nor was there any testimony establishing that the type of accident involved would not normally occur without negligence on the part of the defendant. Lacking such testimony, the court is left only with the incidents and theories of conjecture. Without professing any expertise in the science of meteorology, nevertheless, this court is aware that sudden changes in meteorological conditions which cause the atmosphere to be disturbed, to become choppy and rough and its motion irregular, whether referred to as turbulence or by any other nomenclature, cannot be anticipated or avoided. The lurching, dipping or bumping of an aircraft when such unexpected air currents are suddenly en *1014 countered certainly do not spell out negligence on the part of the plane’s operator. Accordingly, the court concludes that the doctrine of res ipso loquitur is not applicable to the case at bar.
Plaintiff, not having pleaded nor presented any testimony of specific acts of negligence by the defendant, has failed to sustain his burden of proof. Hence, defendant’s motions to dismiss the complaint and the cause of action herein, upon which decision had previously been reserved by the court, are hereby granted, the complaint is dismissed and judgment is rendered in favor of the defendant.