HIGGINS v. RUPPERT.

(Supreme Court, Appellate Division, Second Department.   February 28, 1908.)

1. NEGLIGENCE—DUTY OF STOREKEEPER TO CUSTOMERS.
    One who invites the public to his place of business has the duty of reasonable care to make such place safe to those who come.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 42–44.]

2. SAME—EVIDENCE—RES IPSA LOQUITUR.
    Under the doctrine of res ipsa loquitur, plaintiff makes out a case by proof that while at the desk in defendant's store, paying for goods bought, a bundle of steel rods, part of the merchandise of the store, standing on end against the edge or jamb of the door, fell over onto him.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 218, 225, 271.]

Appeal from Municipal Court of New York.

Action by Charles Higgins against Joseph Ruppert. From a judgment on a nonsuit at the close of plaintiff's evidence, on a trial by the court with a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Foley & Martin, for appellant.
Lewis C. Grover, for respondent.

GAYNOR, J.   The plaintiff was at the desk in the defendant's store paying for some goods he was purchasing when a bundle of steel rods about 10 feet long which was standing on end in the store against the edge or jamb of the door, and was of the merchandise there, fell over on his foot.   There was evidence that the defendant was at the same time carrying out of the store to his wagon heavy iron sheets and that the jar from one of them on the sidewalk caused the bundle of rods to fall over.   Be this as it may, the nonsuit at the close of the plaintiff's evidence was error.   The mere fall of the bundle sufficed to make out a case for the plaintiff for the jury.   The maxim that the thing speaks for itself applied.   It is a fair inference that the bundle would not have fallen if carefully placed.   One who invites the public to his place of business is under the duty of reasonable care to make his place safe to those who come (Davis v. Ferris, 29 App. Div. 623, 53 N. Y. Supp. 571; Schnizer v. Phillips, 108 App. Div. 17, 95 N. Y. Supp. 478; Dutton v. Greenwood Cemetery Co., 80 App. Div. 352, 80 N. Y. Supp. 780.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.   All concur.