Jennie Guttman and Another, Plaintiffs, *v.* F. W. Woolworth Co., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, May 28, 1936.

*Murray E. Gottesman,* for the plaintiff.

*E. C. Sherwood,* for the defendant.

Boylan, J. The plaintiff Jennie Guttman, desiring to purchase a vase, entered one of defendant's stores. At the time the sales girl of the defendant was arranging articles on top of the counter upon which was displayed the vase in question. The articles were so arranged and so displayed as to permit the inspection and handling by the public. The vase was broken and in picking it up the plaintiff sustained injury. The defendant rested at the close of the plaintiff's case and the court reserved decision on the motion to dismiss.

The question is whether or not the plaintiff should allege and prove actual or constructive notice to the defendant of the defect. My attention has not been called to any case where facts and the question of law involved were analogous. The article not being within the exclusive possession, control and oversight of the defendant, the rule of *res ipsa loquitur* does not apply. (*Slater* v. *Barnes*, 241 N. Y. 284.) Because of the manner in which the articles were displayed, the plaintiff had a right to handle and inspect the merchandise. (*Gilbert* v. *Nagle*, 118 Mass. 278.) Every other customer had a similar right. It is not unreasonable to

assume that the defect complained of could have been caused by the handling of the article by another customer. If liability is to attach in this case, then there is a duty upon the defendant to constantly inspect merchandise similarly displayed. This would constitute an unreasonable burden. The plaintiff contends that the case of *Garvey* v. *Namm* (136 App. Div. 815) is authority for permitting recovery herein. In that case the plaintiff purchased a garment and while washing the same sustained injuries because of a needle imbedded in one of the seams. After she purchased the dress it was delivered to her in a tied-up package. The plaintiff obtained a verdict in her favor in the trial court and it was affirmed by the Appellate Division, the court holding that there was a duty upon the defendant to make a reasonable inspection of the dress before it was delivered to the plaintiff and that if it had, the presence of the needle should have been discovered. That case differs from the one at bar in that the defendant had exclusive control of the dress after it was selected and purchased by the plaintiff, and further, it is not reasonable to assume that another customer could have created the condition.

There was a burden upon the plaintiff to prove actual or constructive notice of the defect in the vase and not having done so, the complaint must be dismissed.