Jean Eldridge, Respondent, v. Mike's Meat Market, Inc., Appellant. Wilfred Eldridge, Respondent, v. Mike's Meat Market, Inc., Appellant.— Action by plaintiff-wife to recover damages for personal injuries sustained when she slipped and fell on a slippery spot on the floor in the fish and meat market operated by defendant. Action by her husband for loss of services and expenses. The cases were tried together and resulted in separate judgments in favor of plaintiffs. Defendant appeals. Judgments of the City Court of Yonkers in favor of plaintiffs reversed on the law and the facts, with costs, and complaints dismissed on the law, with costs. In our opinion there is no evidence of actual or constructive notice to defendant of the alleged slippery condition, or that the defendant created the same. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

Esther Gershon, as Administratrix, etc., of Samuel Gershon, Deceased, Appellant, v. The City of New York and Charles A. Bondy, Respondents.— Action to recover damages for wrongful death allegedly the result of defendants' negligence. At a jury trial of the issues the trial court dismissed the complaint as to both defendants at the close of plaintiff's proofs. Upon that dismissal, judgment in favor of each of the defendants dismissing the complaint on the merits was duly entered. From that judgment plaintiff appeals. Judgment in so far as it is in favor of defendant City of New York, affirmed, with costs. In so far as the judgment is in favor of defendant Bondy, it is reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event. In our opinion (1) the plaintiff failed to establish a cause of action against defendant municipality (*Hubbell* v. *City of Yonkers*, 104 N. Y. 434; *Roberts* v. *Town of Eaton*, 238 id. 420; *Best* v. *State of New York*, 203 App. Div. 339; affd., 236 N. Y. 662; *McGuirk* v. *City of New York*, 259 App. Div. 879), and no error is presented by the exclusion of evidence offered by plaintiff as against that defendant; and (2) the plaintiff established *prima facie* a cause of action against defendant Bondy. (*St. Andrassy* v. *Mooney*, 262 N. Y. 368, 370, 371.) Hagarty, Johnston and Taylor, JJ., concur; Lazansky, P. J., and Carswell, J., concur in the reversal of the judgment and the granting of a new trial as to defendant Bondy; but dissent as to affirmance of the judgment in favor of the City of New York and vote to reverse that judgment also and to grant a new trial as to the city, upon the ground that plaintiff did not have a fair opportunity to present his cause; Lazansky, P. J., dissents on the further ground that there was a question of fact for a jury as to the negligence of defendant City of New York.