SOPHIE ROBINSON, Respondent, *v.* ATLANTIC & PACIFIC TEA Co., INC., Appellant.

Supreme Court, Appellate Term, First Department, March 27, 1945.

*Murray C. Spett* and *Sherman Koenig* for appellant.
*Joseph J. Einhorn* for respondent.

EDER, J. Action in negligence. Judgment for plaintiff and defendant appeals. The defendant operates a chain of self-service food stores. With respect to certain departments like groceries and packaged goods the customers make their own selections from the shelves and counters; no store clerks are employed to serve them. This self-service plan of merchandising is an innovation apparently originating with the defendant and is now in wide and extensive use by others, so much so, that it has become a matter of common knowledge; thousands of persons patronize this type of establishment daily and it is also common knowledge that such method of merchandising exists all over the United States. · The obvious purpose of such a merchandising plan is to benefit the operator, to save the employer labor costs and incidental overhead by dispensing with store clerk service.

Under the mentioned method of operation every potential customer is invited, authorized and expected to move about and shift from place to place (·Pollat v. Wray, ·141 Neb. 9, 11) and expected to freely handle and examine articles of merchandise displayed on the counters and shelves, to move them about, to remove them from the shelves and counters and to replace articles not ultimately chosen for purchase; all of this is authorized and permitted by the operator without supervision of any sort, and such was the practice of the defendant in its self-service stores; a patron thus acted in a dual capacity, as is intended by the operator of such an establishment, and was so intended by this defendant, viz., as a customer, and, also, as a store service clerk; to all intents and purposes and in actual result the potential customer, in the mentioned respect, takes the place of and performs the service formerly given by the operator's store service clerk.

The plaintiff visited one of the defendant's self-service stores; she bent down to select some article when a can fell from a shelf and struck and injured her head; she brought this action to recover damages for personal injuries and recovered a judgment. Recovery was permitted under the res ipsa loquitur doctrine. Upon this appeal the defendant raises the single contention that the doctrine is inapplicable here because there is no proof that at the time of the accident the defendant had exclusive control of the can which fell and struck and injured the plaintiff. Upon the trial no evidence was introduced by the defendant.

To render the doctrine applicable the immediate cause of the accident must clearly appear to be under the control of the defendant or those for whom he is responsible.

The defendant argues that in the instant case it appears that it did not have exclusive control of the can since all of the defendant's customers had similar control over it at some time or other during the course of that day; " that in these stores many customers touch, remove from the shelves and examine the merchandise without purchasing it, replacing it on the shelves, without the direct supervision of the defendant or its agents or employees."

The defendant appears to proceed upon the theory that as neither it nor any of its employees had any exclusive or physical control over the can which fell and struck the plaintiff, that the afore-mentioned doctrine cannot apply. This I regard as an incorrect view for the mere fact that the defendant did not have actual physical control is not a factor of importance; the rule as to exclusive control or management of the thing causing the accident and injury has reference to the *right* of such control at the time of the accident. (*McCloskey* v. *Koplar,* 329 Mo. 527; *Hart* v. *Emery-Bird-Thayer Dry Goods Co.,* 233 Mo. App. 312; *Van Horn* v. *Pacific Refining etc. Co.,* 27 Cal. App. 105; 45 C. J., Negligence, § 781, p. 1216; 38 Am. Jur., § 300.)

The defendant clearly had the right of such control; this is not disputed; but the defendant maintains that in order to exercise and enforce this right it imposes an " onerous burden " upon it in the conduct, management and operation of its business for it would necessitate assigning an employee to watch the self-service display shelves to see that merchandise examined by the customers was properly replaced. Since the defendant unquestionably and admittedly had the right of such control the *res ipsa loquitur* doctrine was thereby rendered applicable and the ground advanced to hold it inapplicable has neither reason nor logic for support. (*Gerbino* v. *Greenhut-Siegel-Cooper Co.,* 165 App. Div. 763, 767.)

If the accident had happened in the manner described while this department was in the charge of a store service clerk of the defendant there can be no question of defendant's liability under the said doctrine of exclusive management or control; the fact that customers had free access to the shelves and merchandise does not in my opinion make any important difference as to the defendant's responsibility, for by delegating to the potential customers authority to freely handle the merchandise on the shelves and by permitting them to perform the same service which was theretofore rendered by the store clerks, that is, to move, take, remove and replace articles on the shelves, the defendant thereby constituted them their agents or servants

for that purpose and should be held as much responsible for their acts of carelessness and negligence and for any resulting injury as in the case of an actual employee and upon principle I see no reason why the said doctrine should not be held applicable to such a state of· facts. We have not been referred to any case precisely in point but the mere novelty of the situation should not bar a recovery.

But aside from any other consideration, the defendant was under a duty to foresee and guard against the likelihood of merchandise falling from the shelves because of carelessness and negligence of a patron in moving, removing and replacing articles on the shelves. "The defendant is the owner of a large number of stores" and "a great many are of the super self-service" variety. "Many thousands of customers enter these self-service stores daily". In view of the defendant's admitted knowledge of this condition, the defendant was obligated to take measures to prevent an accident occurring by reason of customers improperly, carelessly or negligently handling merchandise on the shelves and it was its duty to do so by placing someone in charge to see that articles were so handled and placed or replaced on the shelves that they would not fall or be likely to fall. (*Higgins* v. *Ruppert*, 124 App. Div. 530.) The *Higgins* case (*supra*) was a negligence suit based on injury by fall of merchandise; the plaintiff was at the desk in defendant's store paying for some goods he was purchasing when some merchandise fell and injured his foot. The court said (p. 531): "The mere fall of the bundle sufficed to make out a case for the plaintiff for the jury. The maxim that the thing speaks for itself applied. It is a fair inference that the bundle would not have fallen if carefully placed. One who invites the public to his place of business is under the duty of reasonable care to make his place safe to those who come ".

I do not see that this places an "onerous burden" on the defendant or those similarly situated; quite the contrary, I think it is a fair and very reasonable requirement. Patrons were invited and expected to move, examine and replace articles on the shelves and it is but proper that persons coming there should be protected from injury which might result from a condition created by the defendant itself. One who creates a condition has the burden and duty to see that no harm or injury results therefrom (*Gerbino* case, 165 App. Div. 763, *supra*), and the law does not concern itself with the fact that the creator of the condition may be subjected to inconvenience or expense in discharging the burden and duty.

In the case at bar, the plaintiff made out a prima facie case of negligence under the aforestated doctrine (*Higgins* v. *Ruppert, supra*), and the defendant was thereupon required to come forward with an explanation to overcome the presumption of negligence and liability; it chose not to do so but to rely upon the claim that plaintiff had failed to make out a case. The trial court, upon the state of the record found the defendant at fault and liable for negligence, and, I think, correctly so, and the judgment should be affirmed, with $25 costs.

HAMMER, J. (dissenting). I dissent and vote for reversal and new trial.

Giving plaintiff's evidence the benefit of the most favorable inference, it could be said either that the can which struck plaintiff was improperly placed upon defendant's shelf by an employee or was improperly replaced by a customer who handled it. In the latter instance, either actual knowledge or constructive notice would be required to hold defendant, and none was shown. As plaintiff's evidence is as consistent with freedom from negligence as with an inference of negligence, it must be held to establish neither.

EDER, J., votes for affirmance in opinion; McLAUGHLIN, J., concurs in result (see *Neuhoff* v. *Retlaw Realty Corp.*, 289 N. Y. 293); HAMMER, J., dissents in memorandum.

Judgment affirmed.