Louis B. Heller, J.
This is an action to recover damages for personal injuries sustained by plaintiff while making some purchases in defendant’s store located at 123 Church Avenue, Brooklyn, New York, about noontime on September 16, 1955. After placing her packages in a stroller outside the store, plaintiff returned to the store to purchase some bananas. After picking them from the bin and waiting on line for her turn, and as she walked towards the clerk to have them wrapped, plaintiff *344 slipped “on a piece of lettuce, and there was some grapes * * * and saw-dust.” She fell on her right knee and struck her head on a wire basket. The manager of defendant’s store assisted her to a bench, aided by a patron, a Mr. Louis Koch. Plaintiff testified that she did not see the lettuce before she fell but observed it on the sole of her shoe while sitting on the bench. She also testified that the floor had other debris, as well as sawdust, during the time that she was in the store.
Mr. Koch testified that he accompanied plaintiff to a drugstore across the street, to the office of a doctor who administered four sutures on her scalp just above the bridge of her nose, and then to her home. He further testified that he saw plaintiff fall and at the place where she fell he saw pieces of vegetable leaves and lettuce around a skid-mark. Mr. Koch was a disinterested witness who had not met the the plaintiff either before or since the occurrence of the accident in 1955.
Plaintiff’s family physician testified that she had sustained a laceration of the scalp, that he removed the four sutures previously inserted by another doctor immediately after the accident; that the area round was bruised and lacerated, that she complained of headaches and dizziness, had difficulty in concentration and still has a definite swelling over the left eye in the area of the scar, that these injuries are permanent, and that the fair and reasonable value of the medical services, including an X ray, was approximately $125.
The sole witness for the defendant was the manager of the store, a Mr. John Scareella, who testified that the store was well-lit and had sawdust on the floor. He further testified that the width between the vegetable and fruit bins was 12 feet, that the lettuce bin was near the door, and that it was customary for patrons to select and carry such items across the store, and that on the morning of the occurrence the store had been open since 7:00 a.m. and was very crowded because it was just prior to a weekend.
The testimony of the manager is completely barren as to the general supervision and maintenance of the premises, no evidence having been produced which would indicate that the premises had been swept prior to the accident nor that some employee of the defendant was charged with the duty of keeping clean and picking up discarded vegetables and general debris which accumulated during such business hours.
In view of the fact that the store was a self-service market, the defendant, while not an insurer, should have anticipated that customers in picldng out their own fruit and vegetables from the different bins, would spill and drop bits of leaves and *345 drippings on the floor during the day and, consequently, the defendant should have made some reasonable provision for keeping clean the floor area, which was being used by the customers.
Defendant’s counsel has called to my attention a well-considered opinion by one of my associates, the learned Justice Shapiro of Queens County, in Greenidge v. Great Atlantic & Pacific Tea Go. (7 Misc 2d 551). That case is distinguishable from the instant action in that the defendant produced three of its employees who testified, among other things, “ the floor had been swept three or five times on the day of the accident prior to its occurrence and that it was their duty whenever they saw any leaves or other debris on the floor to remove it ” (p. 552).
In this new era of advanced marketing, where the consumer is invited to patronize a self-service store or market for the purpose of making purchases, and makes selections of commodities without the assistance or help of a clerk or employee, the owner of such business should exercise reasonable care to maintain and keep the premises free from hazards in the form of debris, misplaced or dislodged stock or merchandise.
The court has given due consideration to all the surrounding-circumstances in this case, including the fact that the record is devoid of proof as to the length of time the foreign substance was on the floor. It has further given due effect to the conflicting testimony of the plaintiff, her witness and the defendant’s witness.
After hearing the said witnesses, observing their demeanor and determining the extent of their credibility, it is the opinion of the court, based upon the evidence and reasonable inferences flowing therefrom that this accident was occasioned by the negligent and careless maintenance, operation and control of the premises by the defendant. The court is of the opinion further that the plaintiff was free of any negligence contributing to the occurrence.
This case was tried by the court without a jury, both sides waiving finding's of facts and conclusions of law. Defendant’s motion to dismiss the complaint, on which decision had been reserved at the end of the case, is in all respects denied. The foregoing constitutes the decision of the court in accordance with section 440 of the Civil Practice Act.
Accordingly, judgment for the plaintiff in the sum of $1,750. Ten days’ stay. Thirty days to make a ease.