Walter B. Hart, J.
(concurring in part). I concur in the reversal directed by the majority but would go furthér and dismiss the complaint for failure of proof. In my opinion there was not even a scintilla of evidence of negligence on defendant’s part. The reasoning of the majority that the doctrine of res ipsa loquitur governs in the situation. here present is unacceptable. The material facts are as follows:
Plaintiff, a housewife, went to the self-service supermarket operated by defendant Sunrise at East Meadow on Friday, September 5,1958 at 1:00 p.m. for the purpose of doing her week-end shopping. She had been there for about 20 minutes and on several occasions passed the beer display, which was near the front of the store, right under the window. On none of those *629 occasions did she see anyone near the beer counter. She said that when she passed it for the last time 6 ‘ I heard like a crash and shattering of glass and then I kept on walking and I felt that my foot was like a sting.”
The case was not tried on the theory of a spontaneous bursting of the bottle. The evidence, as developed, merely established that a bottle fell from the shelf (six or seven inches above the floor), and shattered, cutting the plaintiff’s legs. It also appears from plaintiff’s testimony that the beer was stacked in the shelf and displayed in two layers, separated by cardboard partitions. When she looked at the display after the accident she saw that some bottles were missing; it looked as though customers had taken bottles from the shelf and “bought beer”. It did not look like ‘ ‘ you walk into a store in the morning with everything set up and nothing missing ’ ’. Upon the denial of its motion to dismiss defendant called upon its assistant store manager to testify as to the manner in which the beer was placed on the shelf. It is first stored in the basement and brought up as needed. Customers take the beer from the top layer and then from the lower one. Again, on occasion, including the day of the accident (but whether before or after the occurrence is not disclosed) a representative of Liebmann Breweries stacked the shelves. When asked on cross-examination whether anyone was detailed by the store for the purpose of seeing that the beer was stacked properly, he testified: “We try to work in safety in the first place.” But the question addressed to him was not answered categorically. The witness further stated: “A. You can have merchandise stacked so neat and then the first few people that come in the store can knock that display down. In other words, you’d have to watch each individual customer so that they don’t take a can from the bottom or a bottle from the bottom or something like that there. You’d have to detail an employee just to watch each customer so they don’t do it. Merchandise is stacked in the stores in safety.”
The witness further testified that he never permitted boys to stack beer on the beer counters, but this duty was restricted at all times to his regular full-time men.
The foregoing summary of the evidence adduced at the trial fails to establish prima facie a violation of the duty of reasonable care owed by defendant to plaintiff. The court below and the majority here reached a contrary conclusion predicated on the theory that the res ipsa loquitur doctrine applies. In my opinion the correct rule is properly stated in Warren’s, New York Law on Negligence (vol. 4, p. 613) as follows:
*630 “As is well known in some cases particularly in food stores, goods especially those in cans are piled in various places in quite high piles. These may fall striking a customer or goods that are on shelves in self service stores may fall on a customer endeavoring to reach them. Under such conditions liability may result. Clearly negligence must be established. It must appear that there was something in the manner in which the goods were piled or placed on the shelves that was sufficient to cause them to fall.” (Emphasis supplied.)
The conclusion reached by the majority that the doctrine of res ipsa loquitur applies is predicated on the cases of Robinson v. Atlantic é Pacific Tea Co. (184 Misc. 571, affd. 269 App. Divt 977) and Higgins v. Ruppert (124 App. Div. 530). /
In the case of Robinson v. Atlantic & Pacific Tea Co. (184 Misc. 571, 573, supra) decided by a divided court in the Appellate Term, First Department, and affirmed, without opinion, by a divided court (269 App. Div. 977, supra), plaintiff, a customer in defendant’s self-service store, bent down to select an item from a shelf, when a can fell from another shelf striking her on the head. Recovery had been had in the trial court under the res ipsa doctrine. The appellant there urged that the doctrine was inapplicable because it did not have exclusive control since all of the customers had similar control, that they did “ touch, remove from the shelves and examine the merchandise without purchasing it, replacing it on the shelves, without the direct supervision of the defendant or its agents or employees.” The Appellate Term found that this argument lacked merit since defendant had the right to control and therefore the doctrine of res ipsa loquitur was applicable. The opinion in that ease was written when the self-service supermarket business was relatively in its infancy. It proceeded on the theory that since customers had free access to shelves to select merchandise, “ defendant thereby constituted them their agents or servants for that purpose and should be held as much responsible for their acts of carelessness and negligence and for any resulting injury as in the case of an actual employee and upon principle I see no reason why the said doctrine should not be held applicable to such a state of facts ” (pp. 573-574). I cannot accept the validity of that premise. In selecting and purchasing goods in a self-service store, clearly the customer is acting on his own behalf and not as agent of the supermarket. The views of the court in Robinson (p. 572) were colored by the thought that 6 ‘ The obvious purpose of such a merchandising plan is to benefit the operator, to save the employer labor costs and incidental overhead by dispensing with store clerk service.” It might on *631 the other hand he argued, however, that such a merchandising plan is also to benefit the consumer by reducing the costs attendant upon distribution. I do not attempt to resolve the issue of which of these views is correct. I fail, however, to see how, by having such a system of merchandising, the store constitutes the customer as an agent so as to make it liable on the theory of respondeat superior for the negligent handling of the merchandise by customers, absent actual notice.
It would appear to me that the result here should be governed by the case of Mercatante v. City of New York (286 App. Div. 265). There, plaintiff, while bending down to pick up a wallet . she had dropped, was injured by the fall from the wall in a public corridor in defendant’s hospital of a fire extinguisher weighing 54 pounds. Plaintiff had had a recovery at Trial Term on the theory of res ipsa loquitur; the Appellate Division reversed stating, that the fire extinguisher was not in the exclusive control of defendant but was accessible to doctors, nurses, patients and visitors and that £ 1 It was properly contended that it could have also been disturbed by patients walking past, by the visiting public, and by other people who were not employees or agents of the City of New York ” (p. 268) and ££ Moreover, if it may be equally inferred that the accident might have been due to causes in no way connected with defendant’s negligence, then the rule of res ipsa loquitur may not be invoked and plaintiff will be required to prove the fact of negligence. (Galbraith v. Busch, 267 N. Y. 230, 234; George Foltis, Inc. v. City of New York, 287 N. Y. 108, 114, 115.) ” (See, also, Silverberg v. Schweig, 288 N. Y. 217, 219.)
The language appearing in George Foltis, Inc., v. City of New York (287 N. Y. 108, 115, supra) merits quoting at this point. There the court stated: ££ In such circumstances [i.e., exclusive control of the instrumentality and evidence showing an accident would not have occurred without negligence] the doctrine of res ipsa loquitur relieves a plaintiff from the burden of producing direct evidence of negligence, but it does not relieve a plaintiff from the burden of proof that the person charged with negligence was at fault.”
The court then continued to quote from Galbraith v. Busch (267 N. Y. 230, 234) as follows: “The doctrine of res ipsa loquitur is not an arbitrary rule. It is rather a common-sense appraisal of the probative value of circumstantial evidence. It requires evidence which shows at least probability that a particular accident could not have occurred without legal wrong by the defendant.”
*632 The “ common-sense appraisal of the probative value ” of the evidence in the instant case does not lead with probable certainty to the conclusion that the defendant was guilty of negligence. (See Simpkin v. A. V. J. Realty Corp., 206 Misc. 809, 811.) Of interest, also, is the case of Guttman v. Woolworth Co. (159 Misc. 821). There a customer in Woolworth’s was injured when she picked up a broken vase which, with other merchandise, was displayed for inspection and handling by the public. The court held that it was reasonable to assume that the defect complained of could have been caused by the handling of the article by other customers and concluded that the rule of res ipsa loquitur did not apply since the article was not within the exclusive possession, control and “oversight” of the defendant.
The conclusion reached by me finds support in Monroe v. Hill Stores (51 So. 2d 645 [La.]) where the court held that the breaking of a beer bottle which injured plaintiff when it fell from a shelf in a self-service store, did not permit the application of the res ipsa loquitur doctrine as against the storekeeper, since the bottles were in full view of the customers who would have just as much knowledge as to the cause of the fall as would the storekeeper. In Hart v. Emery, Bird, Thayer Dry Goods Co. (118 S. W. 2d 509 [Kan.]) plaintiff, a customer in defendant’s bargain basement, was injured by the fall of one of several rolled-up awnings displayed in disorderly piles on defendant’s counter. Evidence showed that it was the custom of customers to pick up and handle merchandise displayed upon tables and that many customers had access to the counter where the awnings were displayed. The court held that even though plaintiff had testified that at the time of the accident there was no one else near the counter, it was equally as reasonable to infer that a customer, without defendant’s knowledge, caused the pile of awnings to be disarranged in such a position where it could fall from the table, as that defendant’s employees arranged the display negligently. The rule of law enunciating the application of the res ipsa doctrine is effectively set forth as follows (p. 511): ‘ ‘ Where there are two or more persons or causes which might have produced the injury, some, but not all, of which were under the control of defendant or for which he was legally responsible, plaintiff, in order to invoke the doctrine, must exclude the operation of those causes for which defendant is under no legal obligation. It has been held that the doctrine is to be applied only when the nature of the accident itself not only supports the inference of defendant’s negligence, but excludes the idea that *633 the accident was due to a cause with which defendant was unconnected. However, it is not requisite, in order to invoke the doctrine, that plaintiff’s case be such as to exclude every hypothesis but that of defendant’s negligence, for the rule is one which relates merely to negligence prima facie and is available, without excluding all possible circumstances which would excuse defendant, if the circumstances surrounding the accident render it more probable that the injury was due to the negligence of the defendant than otherwise.”
The view of the dissent in Robinson v. Atlantic & Pacific Tea Co. (184 Misc. 571, 575, supra) appears to be cogent. Mr. Justice Hammer stated: “ Giving plaintiff’s evidence the benefit of the most favorable inference, it could be said either that the can which struck plaintiff was improperly placed upon defendant’s shelf by an employee or was improperly replaced by a customer who handled it. In the latter instance, either actual knowledge or constructive notice would be required to hold defendant, and none was shown. As plaintiff’s evidence is as consistent with freedom from negligence as with an inference of negligence, it must be held to establish neither. ’ ’ I am also persuaded by the argument of the defendant in the Robinson case, that the result reached there places an onerous burden on operators of self-service stores, and in effect requires them to be the insurers of the safety of patrons. This would appear to be fully supported by the views of the court in Greenidge v. Great Atlantic & Pacific Tea Co. (7 Misc 2d 551). There plaintiff sued to recover damages suffered as a result of slipping on a piece of lettuce in an aisle near the vegetable counter in the defendant’s supermarket. Plaintiff’s only evidence as to constructive notice was the testimony of her brother who swore he saw a leaf or leaves of some kind on the floor in the area 15 or 20 minutes before the accident. Three of the defendant’s employees testified that the aisle was clear of leaves at the time of the occurrence but admitted that from time to time customers who handled vegetables dropped leaves on the floor; that the floor had been cleaned five times that day prior to the accident. The trial court charged the jury that the only testimony before it of a ‘ ‘ leafy ’ ’ condition on that floor was the testimony given by plaintiff’s brother and if that testimony were not credited the verdict was to be for the defendant. In reviewing the accuracy of his charge on a motion to set aside the verdict for the defendant, the court stated that the fact that on other occasions leaves had been dropped on the floor did not charge the defendant with constructive notice “ after the existence of a specific condition *634 which caused the fall had been established ” and “ did not lessen the necessity for direct proof of the existence of the particular negligent condition which caused the plaintiff’s fall, and in this case the only proof of the existence of that condition came from the brother. ’ ’
In concluding that its charge was correct, the court observed (p. 555):
“ Boiled down to essentials, the plaintiff’s contention is that if a defendant has knowledge of the fact that from time to time customers carelessly or thoughtlessly create ' a condition of danger, she may go to the jury merely by proving the existence of the condition on the occasion of her fall, without any proof of prior notice of the actual existence of that particular condition at the particular time and place of the fall.
“To accept that contention would make supermarkets virtually insurers of the safety of their customers. Could it reasonably be contended that if a customer fell over a can of beans in the aisle of such a store, the defendant would be liable without proof of notice, either actual or constructive, of the existing condition merely because defendant’s employees admit that on occasion children remove cans from the shelves and place them in the aisles; or that if a customer, while using due care, fell over one of the carts used in such stores, the defendant would, ipso facto, be liable because on occasion customers have been known to leave such carts in helter-skelter fashion in the aisles'?
“ The questions would seem to answer themselves.
“ To adopt plaintiff’s contentions would require a holding that merely because the defendant knows that debris is from time to time dropped on the floor of a self-service store by customers, affirmative proof of notice of the existence of debris at the time of the accident is not required. We do not believe that to be the law.”
The court found support of its determination by adverting to the case of Sikora v. Apex Beverage Corp. (282 App. Div. 193, affd. 306 N. Y. 917) and stated:
In that case, Presiding Justice Peck states the facts as follows (pp. 194,195): “ Plaintiff, walking down a ramp in a subway station, slipped and fell in front of a soda vending machine owned and operated by defendant corporations. He observed that the surface where he fell was wet with a sticky substance and that the wooden platform on which the vending machine rested was also wet. Presumably, the wetness was due to the beverage leaking from the machine or being spilled by a patron * * * Wetness caused by patrons spilling the beverage was apparently not uncommon.”
*635 In determining that plaintiff could not hold his recovery and that his complaint would have to be dismissed as a matter of law, the court said (p. 195): “ Notice of the condition, which was thus required, was of an existing wetness.
“ We think there was failure of proof of such notice. There was no evidence as to how long the particular wetness had existed and there was no basis for finding, therefore, that it had existed for a sufficiently long time for defendants to remedy it in the exercise of ordinary care.” (Italics added.)
The majority here, as heretofore observed, also relies on the case of Higgins v. Ruppert (124 App. Div. 530, supra). That case is readily distinguishable. There plaintiff was at the desk in defendant’s store paying for some goods that he was purchasing when a bottle of merchandise fell and injured his foot. The court there adopted the res ipsa loquitur doctrine. However, it is to be observed that in that case the store was not a self-service supermarket and there was no probability that the merchandise had been handled by anyone but the defendant or one of his employees.
Di Giovanna and Benjamin, JJ., concur; Hart, J., concurs in part.
Judgment reversed, etc.