Frank A. Gulotta, J.
This appeal essentially involves a consideration of the res ipsa loquitur doctrine and its possible applicability to a situation where a customer is injured in a self-service supermarket.
The customer (plaintiff wife) was injured in defendant’s store when she fell on some loose sugar in one of the aisles. There were two or three broken sugar bags on the floor, an oval pattern of spilled sugar three to five feet in diameter with shopping cart tire tracks and footprints through it and black sugar ground into the floor, all in proximity to bags of sugar on display for sale. The defendant offered no proof.
The trial court was of the opinion that this was not a res ipsa case and that in the absence of proof of notice of an alleged dangerous condition there could be no recovery. In light of the present trend of decisions in this field, I believe such view to be erroneous.
Although the court might have been justified had it come to this same conclusion on the facts, even after correctly applying the law, we may not assume that the court would have reached the same conclusion, had it applied a different principle to the case.
These supermarket cases seem to be developing a splinter law of their own in the res ipsa loquitur field. As I indicated in my *32 dissent in Hyams v. King Kullen Grocery Co. (230 N. Y. S. 2d 962) (an exploding bottle ease) the view that the retailer is in uninterrupted control of the instrumentality causing the injury (a necessary element in true res ipsa) although it may be handled by hundreds of customers who are strangers to him, is logically insupportable. (Silverberg v. Schweig, 288 N. Y. 217.) However, that case was affirmed in 20 A D 2d 657 thus following the taclc taken in the First Department in Robinson v. Atlantic Pacific Tea Co. (184 Misc. 571, affd. 269 App. Div. 977, mot. for lv. to app. den. 269 App. Div. 1024). That case involved .some can goods which fell on plaintiff’s head as she was bending over making a selection. There is little difference between piling cans on a shelf and bags of sugar on the floor. Either may thereafter come to cause harm, because of the intervention of some third party, but if the policy of the law is to be that the retailer must come forward with some exculpatory explanation because he has invited customers behind the counter to be their own clerks, then we should not circumvent the policy by making .subtle distinctions.
It may also be noted that aside from any question of res ipsa, the proof on the condition of the spilled sugar —- numerous foot-tracks through it, etc.— presented a question of fact on the issue of constructive notice and was not an absence of notice as a matter of law as the court indicated. Thus this case differs from Dowling v. Woolworth Co. (16 A D 2d 672) which was a notice case, but where the presence of one piece of hamburger on the floor near a stand-up lunch counter and nothing more, was held to furnish no basis for inferring notice.
As to the use of res ipsa and a specific theory of negligence at one and the same time, the fact that an inference of constructive notice of the dangerous condition is possible, thus pinpointing the negligence, does not prevent resort to the res ipsa doctrine, if the former inference fails in the opinion of the fact finders. In other words, if the trier of the facts were to conclude that the evidence was insufficient to warrant imputing constructive notice to defendant, he might decide that the case could rest on the inadequacy of defendant’s explanation of the measures taken to protect its customers. (D’Arcy v. Westchester Elec. Ry. Co., 82 App. Div. 263.) Nor does the fact that plaintiff has pleaded a specific act of negligence foreclose use of res ipsa. (Manley v. New York Tel. Co., 303 N. Y. 18.)
There should, therefore, be a new trial for the purpose of reconsidering the case in the light of the views expressed herein and to give the parties an opportunity to develop the proof which each may deem necessary in the circumstances.
*33 The judgment should be reversed and a new trial ordered, with $30 costs to plaintiffs to abide the event.
Pette and Groat, JJ., concur.
Judgment reversed, etc.