ELIZABETH CAMERON, Respondent, *v.* H. C. BOHACK Co., INC., Appellant.

Second Department, May 8, 1967.

*Marvin, Montfort, Healy, McGuire & Salley* (*William F. McNulty* of counsel), for appellant.

*Albanese & Albanese* (*Paul S. Graziano* of counsel), for respondent.

HOPKINS, J. This appeal primarily involves a determination of whether the doctrine of *res ipsa loquitur* is applicable when a customer falls in a self-service supermarket due to the presence of debris on the floor.

The plaintiff and her son had entered the store in order to make a purchase. While walking in an aisle, the plaintiff fell on granular material which resembled a detergent. Products of this type were located on the open shelves adjoining the aisle. The court below charged the jury:

"The plaintiff contends that when a retailer chooses this method of merchandising; namely, inviting the public to, in effect, go behind the counter and select their own merchandise, and as he contends, in effect, making clerks out of the people who resort to this method of purchasing their supplies and food and so on, that in the event that a person is injured during the course of a movement in and about a supermarket which, if factual, resulted in an injury, then the burden is upon the defendant to come forward with proof satisfactory to you as a jury by way of exculpation of itself from any negligence.

"In sum and substance, gentlemen, the plaintiff in this case contends that since the defendant has resorted to this method of merchandising, then there is a requirement on the defendant to come forward with proof sufficient to satisfy you in order to free them of responsibility, that proof which would exculpate them from responsibility for the accident in question."

To these instructions the defendant excepted.

We are of the opinion that the application of the doctrine of *res ipsa loquitur* to this case was error.

Generally, *res ipsa loquitur* operates when (1) the accident is such that it ordinarily would not have occurred in the absence of someone's negligence and (2) the instrumentality or agency causing the injury was in the exclusive possession and control of the defendant (*Corcoran* v. *Banner Super Market Inc.*, 19 N Y 2d 425; *Foltis Inc.* v. *City of New York*, 287 N. Y. 108, 114–115, 117; *Galbraith* v. *Busch*, 267 N. Y. 230, 234; Prosser, Torts [3d ed.], § 39, p. 218). The requirement of exclusive possession and control is not an absolutely rigid concept. It implies that the possession and control of the defendant over the instrumentality are of such a character that the probability that the negligent act was caused by someone other than the defendant is so remote that it is fair to permit an inference that the defendant is the negligent party. It is under these circumstances that "the thing speaks for itself" and that the trier of the facts may draw an inference of negligence against the defendant. If this characteristic of possession and control is absent, the doctrine is not applicable (*Godfrey* v. *County of Nassau*, 24 A D 2d 569; *Murphy* v. *City of New York*, 19 A D 2d 545, affd. 14 N Y 2d 532; *Mercatante* v. *City of New York*, 286 App. Div. 265, mot. for rearg. and for lv. app. den. 286 App. Div. 964).

We think that it is that element of possession and control which is lacking in this case. The customers of a supermarket have easy access to the products on the open shelves adjoining the aisles; that accommodation, indeed, is one of the attractions to the customers who patronize the store. The likelihood that debris found in an aisle was due to spilling from broken packages after careless handling by a customer is not remote; it is at least as great as the likelihood that an employee was responsible for the presence of the debris.

Proof of notice, either actual or constructive, has always been said to be essential to recovery by a customer who has fallen because of a foreign substance on the floor of a supermarket or store (*Dowling* v. *Woolworth Co.*, 16 A D 2d 672; *Sikora* v. *Apex Beverage Corp.*, 282 App. Div. 193, affd. 306 N. Y. 917; *Donohoe* v. *Great Atlantic & Pacific Tea Co.*, 277 App. Div. 739; *Eldridge* v. *Mike's Meat Market*, 261 App. Div. 903; cf. *Bransfield* v. *Grand Union Co.*, 24 A D 2d 586, affd. 17 N Y 2d 474; Ann., 61 ALR 2d 6, 14).

The plaintiff urges, on the other hand, that *res ipsa loquitur* should be introduced into an action against the owner of a supermarket as a consequence of the method by which he elects

to operate his business. Thus, the argument runs, customers become in effect the employees of the owner, because they select their merchandise and cart it about the store, and, hence, the owner should be held responsible for their acts, since control of the merchandise remains with him. We think that this reasoning adopts an artificial view of the relationship between the store owner and his customers which cannot be supported either conceptually or realistically. We see no common constituents in the legal status of a customer and that of an employee of a store, whether the enterprise is a self-service supermarket or the more conventional retail establishment, and it is certain that any such suggestion would astonish the owner, the employer and the customer alike.

Nor do we think, as the plaintiff argues, that the doctrine of *res ipsa loquitur* should be applied because a greater profit may be realized by the owner of a supermarket as a result of the manner of its operation; no evidence is presented to us that sustains the argument and we cannot take judicial notice of so uncertain an inference (cf. Roberts, "Preliminary Notes Toward a Study of Judicial Notice", 52 Cornell L. Q. 210, 232–234).

This is not to say that the operation of a supermarket may not cast a duty of frequent inspection and intensive maintenance of the premises on the owner. The circumstances of the operation dictate the content of the duty of the operator; when the operator invites the participation of the public in his operation, necessarily he must recognize and be ready to discharge a heightened duty arising out of the dangers reasonably to be expected from that participation. The conditions of self-service marketing and the probability of spillage from handling of the products by customers may well be found by the trier of the facts to impose a more exacting obligation than would be required from the conventional type of retail store. But the plaintiff must still establish the facts from which the failure by the owner to meet the requirements of that more rigorous duty may fairly be demonstrated.[1] The exigencies of the proof which the plaintiff must establish do not justify the extension of

---

1. We think that *res ipsa loquitur* may properly be used when a customer is injured from an exploding bottle in a supermarket (*Hyams* v. *King Kullen Grocery Co.*, 20 A D 2d 657; *Day* v. *Grand Union Co.*, 280 App. Div. 253, affd. 304 N. Y. 821), since the element of control by the owner may fairly be inferred. We express no opinion as to a case of an injury by a customer resulting from a falling object from a shelf (*Robinson* v. *Atlantic & Pacific Tea Co.*, 184 Misc. 571, affd. 269 App. Div. 977; cf., *Higgins* v. *Ruppert*, 124 App. Div. 530).

the advantage which *res ipsa loquitur* provides in the procedural aspects of the case (2 Harper and James, Law of Torts, § 19.11, pp. 1099–1104), for the positions of the parties are not so unequal that the plaintiff will be penalized by the imposition of the usual burden on him. Indeed, the doctrine perforce involves the balancing of the necessities of the plaintiff under the circumstances to offer convincing proof of his case, and the right of the defendant to protect himself against insubstantial evidence of little probative force. We do not think that the state of facts here demands a departure from the usual frame of the burden of proof.

We are aware of the dictum in *Barca* v. *Daitch Crystal Dairies* (45 Misc 2d 30), in which the Appellate Term of our Department expressed the view that *res ipsa loquitur* was applicable to a case in which a customer had fallen because of sugar on the floor of a supermarket. We disapprove the dictum, but also note that there was evidence in that case from which the jury was warranted in finding that the sugar had been present for so long a period that the defendant might be charged with constructive notice (cf. *Wheeler* v. *Deutch*, 242 App. Div. 641).

In the present case it was established that upon entering the store the plaintiff and her son observed an employee in the very aisle where she later fell. The employee was stocking merchandise. After browsing through the store for 15 minutes, the plaintiff and her son went to the aisle where the employee had been working. He directed them down the same aisle to find the product which they were seeking. The plaintiff fell while walking in the aisle. Those facts, if believed by the jury, would support a finding that the defendant had notice of the condition of the floor of the aisle.

The manner in which the charge was made to the jury is additional error requiring reversal, even if the doctrine of *res ipsa loquitur* were applicable. The court did not expressly charge the doctrine, but merely stated that it was one of the contentions of the plaintiff. The court did not explain to the jury the meaning of the doctrine, or the circumstances under which it might be applied. The vague and general statement of the contention of the plaintiff cannot be considered to be a sufficient standard for the jury to follow (*Meyers* v. *Grand Union Co.*, 26 A D 2d 646; see, also, *Foltis, Inc.* v. *City of New York*, 287 N. Y. 108, 122, *supra; Slater* v. *Barnes*, 241 N. Y. 284).

We are of the further opinion that the plaintiff may not be said to have been contributorily negligent as a matter of law (*Nelson* v. *Nygren*, 259 N. Y. 71, 76; *Imbese* v. *First Nat. Stores,*

23 A D 2d 850; *Cesario* v. *Chiapparine*, 21 A D 2d 272, 275-276; *Hanson* v. *Bloomingdale Bros.*, 13 A D 2d 1007).

Accordingly, the judgment should be reversed, on the law and the facts, and a new trial granted, with costs to defendant to abide the event.

UGHETTA, Acting P. J., BRENNAN, RABIN and BENJAMIN, JJ., concur.

Judgment of the Supreme Court, Queens County, entered June 9, 1966, upon a jury verdict for plaintiff for $90,000, reversed, on the law and the facts, and new trial granted, with costs to defendant to abide the event.