Aulisi, J.
Appeal from a judgment of the Supreme Court, entered June 28, 1967, in Schenectady County, upon a verdict rendered at a Trial Term in favor of plaintiff. Judgment against defendant was obtained by plaintiff as a result of personal injuries sustained by her in a fall in front of defendant’s store. Alongside the front of defendant’s store building, boxes of plants had been set up on the sidewalk. Purchases by the public were on a self-service basis with the customers choosing the plants from the display and then carrying them into the store where payment was made. Plaintiff was walking along the sidewalk in the vicinity of defendant’s store when she saw the plant display and decided to look it over. While walking towards the display, she slipped and fell upon what was described as a piece of coconut candy or cookie. Defendant moved to dismiss the complaint at the close of plaintiff’s case for lack of evidence showing actual or constructive knowledge on defendant’s part of any dangerous condition. The defendant nevertheless proceeded to introduce proof and, having elected to do so, the plaintiff is entitled to have her claim considered on the entire record including the evidence introduced through the defendant’s witnesses. The motion was renewed at the end of the entire case and each time decision was reserved. After the jury verdict for plaintiff, the motions were denied. Defendant appeals these denials. The trial court charged the jury that the case at bar was not to be treated as a typical sidewalk accident claim and that the defendant had, in effect, set up a “ store ” on a portion of the sidewalk. To this, the defendant took no exception and in that sense implicitly consented to the instruction given; and, indeed, there were no exceptions taken to any portion of the charge by the defendants. Therefore, the duty of care owed by a business to the shopping public is applicable here. In the absence of a showing that defendant created the dangerous condition, it is essential in order to recover *686 in a suit of this nature to prove that defendant had actual or constructive notice of the presence of the foreign substance (see Cameron v. Bohack Co., 27 A D 2d 362; Dowling v. Woolworth Co., 16 A D 2d 672; Donohoe v. Great Atlantic & Pacific Tea Co., 277 App. Div. 739). A review of the entire record reveals that sufficient evidence was presented to warrant submission of the case to the jury. Defendant’s janitor testified that children were always throwing debris on the sidewalk in front of the store and that he had personally brought this fact to his superiors’ attention. He was told to keep the sidewalk swept as often as possible and, although only required to sweep it twice a day, he made a practice of sweeping it more often because of the children’s littering. In light of this knowledge of the debris problem and its awareness that a number of people frequented the area of the display, a question was presented for the jury as to whether defendant’s inspection, surveillance and maintenance of the area were sufficient under the circumstances and whether defendant would have been able in the exercise of reasonable care to discover the dangerous condition. The issues were resolved by the jury in plaintiff’s favor and we find no reason to disturb its determination. Judgment affirmed, with costs. Herlihy, J. P., Aulisi and Gabrielli, JJ., concur in .a memorandum by Aulisi, J.; Reynolds and Staley, Jr., JJ., dissent and vote to reverse and dismiss the complaint in a memorandum by Reynolds, J. Reynolds, J. (dissenting). The judgment and order should be reversed and the complaint dismissed. The entire court'is of the opinion that the Trial Judge should have granted appellant’s motion to dismiss the complaint made at the close .of respondent’s case, because there was no showing the appellant had created the condition, on the sidewalk, nor was there any proof of actual or constructive notice that the piece of candy or cookie upon which respondent allegedly fell existed on this 12-foot wide sidewalk, or for what period or length of time it had been there. But appellant chose to put in evidence after the denial of his motion to dismiss the respondent’s complaint and upon the following testimony of one of the appellant’s employees, and on that alone the majority felt that constructive notice sufficient to allow the case to go to the jury had been achieved. “ Well, according .to what I’m supposed to be doing, I’m supposed to sweep it off once in the morning and once in the afternoon. But I swept it off usually — usually swept it off about four times for the simple reason that the kids were all ont there throwing crap all over the place.” and “ Q. Mr. Armour, did you testify that you knew that there were kids out on this sidewalk throwing, as you termed it, crap around on the sidewalk? A. Your Honor, they always do. Q. And this was your experience when you worked for F. W. Woolworth; is that right? A. Well, I had a few experiences in this order, sir. Q. And this is while you were the employee of Woolworth’s? A. Yes. Q. And did you ever communicate this to any of your superiors? Did you tell them about these occurrences' where this extraneous matter was thrown on the sidewalk? A. A few times and they told me that I should competently check it as often as possible. Q. So that your immediate superiors were aware of this fact that you had conveyed to them about that condition of the sidewalk; is .that correct? A. They did tell me that I should go out there as often as possible and try to keep it swept up. Q. This was after you had told them about the children putting the things on the sidewalk; is that it? A. Well, at these times, yes.” We do not agree. This would set an oppressive precedent and is an unfair, unwise extension of the law. The store manager testified that the plants displayed extended only 14 inches into this 12-foot wide sidewalk and the small piece of cookie had nothing whatever to do with the plant display. Surely the duty of the appellant as to this public sidewalk is no greater than its duty would be within the store itself. Some children are *687 prone to litter anywhere, inside the store or on the sidewalk and such a general notice as outlined here does not suffice to satisfy even constructive notice as required in such cases. To hold otherwise would make the store owner an insurer as to anyone who fell on the sidewalk in front of his premises. There is no showing whatever that appellant did not make reasonable efforts to keep the sidewalk clean, but on the contrary the evidence shows that it did. There was no showing of any notice as to this particular material or any other debris at this time or place, or a showing of how long it had been there. The store owner had no means to prevent some debris unless they stationed a man on the sidewalk continuously which, of course, would be unreasonable. Since this result is contrary to the long-established law in the State of New York in connection with these eases, the judgment and order appealed from should be reversed and the claim dismissed (Cameron v. Bohack Co., 27 A D 2d 362; Dowling v. Woolworth Co., 16 A D 2d 672; Donohoe v. Great Atlantic & Pacific Tea Co., 277 App. Div. 739; Eldridge v. Mike’s Meat Market, 261 App. Div. 903; Dudley v. Abraham, 122 App. Div. 480).