Charles H. Cohen, J.
The question presented in this case is whether defendant, owner of a supermarket, had constructive notice of a foreign substance on the floor constituting a dangerous condition which caused injuries to plaintiff, where the only proof of such notice was testimony concerning the existence of that substance after plaintiff had stepped into it and had fallen. At first blush, the proof of such notice, where there was no specific testimony that the condition had existed for any stated period of time before plaintiff fell, seemed insufficient. However, the court permitted the case to go to the jury which, after a charge to which no exception was taken, found in favor of plaintiff. The court reserved decision on defendant’s motion *258 to dismiss. Upon further reflection — the only testimony at the trial having been given by plaintiff and having taken only half an hour — -it appears that the answer to this question is not as clear as one. might at first believe. That is to say, there are situations where proof of the particular condition after the fall is such that the trier of the facts may properly infer that the condition existed for such a length of time that defendant in the exercise of reasonable care should have known about it even though there is no testimony that it existed for a stated length of time before plaintiff fell. Whether this is such a situation, remains to be considered.
Plaintiff argues this point but in support of this argument cites only Millheiser v. Smilen Bros. (16 Misc 2d 343, 344, 345 [City Ct., Kings County, 1959]) which goes even further and permits recovery against a supermarket where the record was ‘ devoid of proof as to the length of time the foreign substance ’ ’ —■ consisting in that case of “ a piece of lettuce * * * some grapes * * * and sawdust ” — was on the floor. That case, allowing recovery against a supermarket without proof of notice, stands alone and does not appear to represent the law. In order to recover, notice is essential. As stated in Cameron v. Bohack Co. (27 A D 2d 362, 364 [2d Dept., 1967]): “ Proof of notice, either actual or constructive, has always been said to be essential to recovery by a customer who has fallen because of a foreign substance on the floor of a supermarket or store ”.
Cameron, however, is of particular interest because, while reaffirming that rule, it recognizes that there may be proof of constructive notice from the nature of the dangerous condition as seen after the occurrence without specific testimony as to how long that condition existed. In disapproving of the dictum of the court in Barca v. Daitch Crystal Dairies (45 Misc 2d 30 [App. Term, 2d Dept., 1965]) that res ipsa loquitur applied in a case where a party fell on spilled sugar in a supermarket, the Appellate Division, Second Department, stated in Cameron that (p. 366): there was evidence in that case from which the jury was warranted in finding that the sugar had been present for so long a period that the defendant might be charged with constructive notice ’ ’.
In Barca, there was no evidence as to the specific length of time the condition existed, but there was evidence that plaintiff fell on loose sugar in an aisle where there were two or three broken sugar bags on the floor, an oval pattern of spilled sugar three to five feet ip. diameter with shopping cart tire tracks *259 and footprints through it and black sugar ground into the floor, all in proximity to hags of sugar on display for sale.” (p. 31).
In the instant case, plaintiff testified that after she fell near the vegetable counter where stringbeans were displayed, she looked at the place where she fell and saw “ a messy floor and vegetables were on the floor and stringbeans”; “I saw the vegetables on the floor. It was very messy ”; “I saw it was messy. There was everything on the floor, hut especially the stringbeans ”; “ all messy vegetables ion the floor. ’ ’ The specific question posed here is whether from this evidence the jury was warranted in finding that the “ messy condition ” which caused plaintiff to fall had been present for so long a period of time that defendant might he charged with constructive notice. That plaintiff, after she fell, saw “ vegetables ” and “ stringbeans ” on the floor would not, of itself, be evidence of constructive notice. (Stevens v. Loblaws Market, 27 A D 2d 975 [4th Dept., 1967] (“ a small piece of scallion leaf ”). (See, also, Sikora v. Apex Beverage Corp., 306 N. Y. 917 [1954]; Dowling v. Woolworth Co., 16 A D 2d 672 [2d Dept., 1962].) That, in addition, the floor was “ messy ” gets to the heart of plaintiff’s argument to the effect that the jury was warranted in finding that the vegetables and stringbeans were present for so long a period of time as to charge defendant with constructive notice. But while the jury was warranted in finding that the ‘ messy ’ ’ state of the floor constituted a dangerous condition, it is difficult to understand how this testimony can support a finding of constructive notice. It does not depict a condition, as in Barca, where the sugar on the floor was rather well described and where it appeared that there were “ shopping cart tire tracks and footprints through it and black sugar ground into the floor.” In Barca, this enabled the jury to make a finding that the sugar had been present for so long a period of time that the defendant might he charged with constructive notice. There is no such equivalent evidence in this case. The “messy” condition described by plaintiff might have been caused by plaintiff herself when she fell. While “ footprints ” alone in Barca might also have been those of the plaintiff in that case, the testimony concerning the tire tracks and the black sugar ground into the floor warranted a finding that the sugar had been on the floor for a period of time sufficient to give constructive notice.
Under the facts of this case such a finding would be a “ mere speculation ” and cannot stand. (Morgenstern v. Woolworth & Co., 19 Misc 2d 739, 741 [Sup. Ct., Nassau County, 1959].) The facts of this case fall short of those in Barca. The facts here *260 are more like those in Adcock v. Sattler’s, Inc. (283 App. Div. 683 [4th Dept., 1954]) where the court found that testimony to the effect that the floor where plaintiff slipped on a banana peel “ was littered, it had debris and it had banana peels on it ” was insufficient to establish constructive notice. As observed in Cameron (27 A D 2d 362, 365, supra): “ The conditions of self-service marketing and the probability of spillage from handling of the products by customers may well be found by the trier of the facts to impose a more exacting obligation than would be required from the conventional '.type of retail store. But the plaintiff must still establish the facts from which the failure by the owner to meet the requirements of that more rigorous duty may fairly be demonstrated. ’ ’
The court also observes, in the event there should be a reversal on appeal, that the amount of the verdict is excessive. If the court had denied defendant’s motion to dismiss the complaint, it would have directed a new trial on the issue of damages only unless plaintiff had stipulated to reduce the amount of the verdict by half.
Defendant’s motion to dismiss the complaint is granted. The verdict is set aside and it is directed that judgment be entered in favor of defendant against plaintiff.